## CLIFFORD v. BRAUN.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.
     The conclusion of the jury on conflicting evidence will not be disturbed on appeal.

2. ACTION FOR SERVICES—PREMATURITY.
     Inasmuch as Code Civ. Proc. § 723, requires the court to disregard errors or defects in the pleadings or other proceedings, not affecting the substantial rights of the adverse party, it cannot be held that an action for services was prematurely brought, because it was alleged that they

were performed between two dates extending to a time after the service of the summons, when it otherwise appears that the only claim for services made was alleged to have matured on or about a specified date prior thereto.

3. ATTORNEY AND CLIENT—CONTRACT OF EMPLOYMENT—BURDEN OF PROOF.
    In case of a contract of employment between an attorney and client, the parties stand on an equal footing, and the rule requiring that an attorney, who, in dealing with his client, seeks to avail himself of the benefits of a contract, is bound to establish affirmatively that the contract was made with full knowledge of all material circumstances known to the attorney, and was in every respect free from fraud on his part, or misconception on the part of the client, and that a reasonable use was made of the confidence reposed in him, does not apply.

Appeal from trial term, Richmond county.

Action by Frederick W. Clifford against Ludwig Braun. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William McArthur, for appellant.
Frank H. Innes, for respondent.

WOODWARD, J.  Two conflicting theories were presented by the evidence, and the jury, after listening to a charge to which the defendant took no exceptions, has resolved the facts in favor of the plaintiff. The conclusion is fully supported by the evidence, and the verdict, in the absence of reversible error, must be conclusive.

The plaintiff, as the assignee of a claim for services rendered by one Thomas B. Jones, an attorney and counselor of this court, brings this action to recover a balance of $100 alleged to be due him upon a contract between Mr. Jones and the defendant, by which the latter undertook to pay to the former the sum of $300 for services in the conduct of two certain actions for slander, the details of which are not material to this discussion. The defendant has paid, and is credited with, $200 on this account, though he contends that the contract of employment was for $100, and that the other $100 was for disbursements. But upon this point the jury has passed, and it has found that the contention of the plaintiff is the true one. The defendant urges that he was entitled to a dismissal of the complaint, because, as he alleges, the action shows upon its face that it was prematurely brought. The complaint alleges that "between the first day of July, 1899, and the first day of October, 1899," certain services were rendered to the defendant. The summons in the action was served on the 16th day of September, and the complaint was verified on the 10th day of October, and the defendant urges that by this form of pleading the way was left open to prove services down to and including the 1st day of October, and that the right of action had not fully matured at the date of serving the summons. The complaint, however, alleges, on information and belief, that "the said defendant was justly indebted to the said Thomas B. Jones on or about the 13th day of September, 1899, on account of such services, in the sum of one hundred

dollars ($100), no part of which has been paid." This was the day
on which the final judgments were entered in the slander actions,
and was three days before the service of the summons in this action,
and we are of the opinion that the allegations of the complaint,
when read together, fully stated a cause of action, and the proofs
were in accordance with these allegations. Section 723 of the Code
of Civil Procedure provides that at "every stage of the action, the
court must disregard an error or defect, in the pleadings or other
proceedings, which does not affect the substantial rights of the ad-
verse party." Certainly no right of the defendant was affected in
the trial of the action now before us because of the fact that the
pleadings were not confined, in an incidental particular, to the exact
limit of time. The cause of action was stated with sufficient cer-
tainty in the complaint; the only claim made was alleged to have
matured on or about the 13th day of September, and the action
was not commenced until the 16th, and the fact that the plaintiff
alleged that the services were rendered between certain dates, ex-
tending to a time after the service of the summons, is of no importance.
In such a case the objection, which is in the nature of a demurrer,
cannot be sustained unless it appears, admitting all the facts alleged,
that no cause of action whatever is stated. The demurrer cannot
be sustained simply by showing that facts are imperfectly or in-
formally averred, or that the pleading lacks definiteness and pre-
cision, or that material facts are only argumentatively averred. The
pleading may be deficient in technical language or in logical state-
ment, but, as against a demurrer or a motion of this character at
the trial, the pleading will be deemed to allege whatever can be
implied from its statements by fair and reasonable intendment. Kain
v. Larkin, 141 N. Y. 144, 150, 36 N. E. 9, and authorities cited at
page 151, 141 N. Y., and page 10, 36 N. E.

Defendant's attorney appears to have a profound conviction that
under the rule laid down in Whitehead v. Kennedy, 69 N. Y. 462,
466, his client has been deprived of some right upon the trial of this
action, but we are unable to find any reason for holding that this
is a case to come within that most wholesome rule. The rule is
that an attorney, who, in dealing with his client, seeks to avail him-
self of the benefits of a contract, is bound to establish affirmatively
that the contract was made by the client with full knowledge of all
of the material circumstances known to the attorney, and was in
every respect free from fraud on his part, or misconception on the
part of the client, and that a reasonable use was made by the at-
torney of the confidence reposed in him. But in the case now be-
fore us there was no relation of attorney and client in the making
of the contract sued upon. That contract was one of employment.
The defendant went to Mr. Jones to employ him to bring two ac-
tions for slander. He was told, according to the plaintiff's version,
which has been accepted by the jury as the true one, that Mr. Jones
would undertake these actions at $150 each, and he accepted these
terms. This was simply a bargain between individuals standing
upon an equal footing, where the attorney had no possible advantage
over the defendant, and where the latter was as fully in possession

of all the facts and circumstances as Mr. Jones could be, and to hold that the plaintiff was bound to show that in this simple contract of employment his assignor had entered into a detailed explanation of all of the contingencies which might surround the causes of action which the defendant desired to assert is absurd, and not within the contemplation of the rule. Reason is the soul of law, and when the reason of any particular law ceases, so does the law itself. Broom, Leg. Max. 133. If the plaintiff's assignor had, after entering into the relation of attorney for the defendant, made a contract with the latter in respect to some matter growing out of the new relation, the cases would be within the rule, but under the circumstances disclosed by the evidence the plaintiff was called upon merely to establish his case to the satisfaction of the jury, and this he has done.

It does not seem to be necessary to follow this case farther. We have examined the questions presented, and we do not find error. The judgment should not, therefore, be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.