(119 App. Div. 28)

### TITLE GUARANTEE & TRUST CO. v. STEMBERG.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

1. CONTRACTS—VALIDITY.

Where defendant, with the intention of securing a loan on his premises from plaintiff, signed a written agreement to pay plaintiff a certain sum for services in searching the title, whether it was accepted or not, the contract was binding, though plaintiff refused to make the loan offered.

2. ATTORNEY AND CLIENT—DEALINGS BETWEEN—CONTRACTS MADE AT TIME RELATION IS ESTABLISHED.

The obligation of an attorney who contracts with his client to show that the contract is fair and reasonable does not apply to mere contracts of retainer whereby the relation is established.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 239–248.]

Appeal from Municipal Court, Borough of Queens, First District.

Action by the Title Guarantee & Trust Company against Charles Stemberg. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

William O. Miles, for appellant.
Edward M. Perry, for respondent.

JENKS, J. This is an action for services in searching a title. The answer is denial that the services were at defendant's request, that the agreed value was $73, and a defense that the plaintiff offered to make, but did not make, a loan applied for upon the property.

I think that the judgment should be affirmed. There is no doubt that the defendant, upon his application to the plaintiff, signed an agreement whereby the fees sued for were specified, and wherein it was provided that such charges should be paid whether the title was accepted or not. It is testified, although the defendant denies it, that the entire contract was read to the defendant at the time of the execution. It is established that the work was done and that such charges were for it alone. Each party blames the other in that the loan was not made. The evidence is sufficient to warrant the conclusion that the plaintiff would have made it, but for the omission of the defendant to cure within his power certain defects, in the title. Moreover, payment for the work was not contingent upon the success of the application, because the parties had agreed to the contrary. There is nothing unfair or unconscionable in an agreement that the applicant should pay absolutely for the necessary work of testing the security.

The learned counsel for the appellant makes the point that, as the services were in the nature of those of an attorney at law, the relation of these parties was that of attorney and client, and therefore there was an obligation upon the plaintiff as upon an attorney who contracts with his client, under the doctrine of Whitehead v. Kennedy, 69 N. Y. 462, and like cases. Conceding the relation as analogous to that of attorney and client, this rule does not obtain as to mere contracts of retainer whereby the relation is established. Clifford v. Braun, 71 App. Div. 432, 75 N. Y. Supp. 856; Boyd v. Daily, 85 App. Div. 581, 83 N. Y. Supp. 539, affirmed 176 N. Y. 613, 68 N. E. 1114.

Judgment of the Municipal Court unanimously affirmed, with costs. All concur.