## MANN *et al. v.* SHOWALTER *et al.*

1. A wife brought suit against her husband for temporary and permanent alimony for herself and her two children. The suit resulted in a settlement, and the attorney's fee was paid. Later the husband sought to obtain an agreement for a reduction of the amount of alimony which he was paying each month. The wife declined to agree to this, and consulted with the attorney who had previously represented her, and, at his instance, also with another, and made with them an agreement to represent her and her two children, upon a contingent fee of one third of the recovery or amount received by settlement. A petition was filed by the attorneys on behalf of the wife, and the children, through their mother as next friend, attacking and seeking to set aside a decree of divorce which the husband had procured in Tennessee, and seeking to annul and have set aside a second marriage into which he had thereafter entered. This resulted in a settlement. Certain realty and personalty were conveyed and transferred to the wife alone by the husband, or former husband; and a decree was taken, confirming the conveyances and transfers which had been made, and decreeing in favor of the defendants as to the effort to annul the judgment of divorce granted in Tennessee, and the second marriage of the husband. Subsequently the former wife and the two children, who were yet minors and sued through their mother as their next friend, brought an action against the attorneys who had filed the last-mentioned suit. The children alleged that they did not consent to the last decree, but did not attempt to set aside either the decree or the conveyances to their mother, which were confirmed by it. The petition alleged fraud on the part of the attorneys in procuring the contract for a contingent fee

of one third of the recovery, and in the settlement which was made with them by one of the present plaintiffs, who is the mother of the other two, whereby the attorneys received from her a conveyance and transfer of property of a value alleged to exceed one third of that recovered; and sought to recover such property, subject to a reasonable fee for the attorneys, if they were entitled to any fee. *Held*, that as to the two children the petition was demurrable.

2. As to the mother of the two children the allegations were sufficient to withstand a general demurrer.

3. Under the allegations of the petition, the rule that where one party to a contract seeks to rescind it for fraud he must promptly, upon the discovery of the fraud, restore or offer to restore to the other whatever of value he has received by virtue of the contract, is not applicable.

4. A recital in a petition that a former action had been brought in the same court, the nature and purpose of which were to some extent stated, to which recital were added the words, "all the allegations of which will be shown to the court," was not sufficient to make the former petition a part of the later one, so as to be considered as before the court in its entirety upon the hearing of a demurrer to the later petition.

5. Allegations that a person was induced to enter into a contract with others by certain representations, which were characterized as fraudulent, but not alleged to be untrue, were subject to special demurrer.

(a) A portion of the nineteenth paragraph of the petition was subject to the ground of special demurrer, and a part thereof was not so subject.

MAY 18, 1916.

Equitable petition. Before Judge Fite. Whitfield superior court. March 6, 1915.

*M. C. Tarver* and *R. R. Arnold,* for plaintiffs in error.

*C. D. McCutchen* and *Eubanks & Mebane,* contra.

LUMPKIN, J. Mrs. Callie W. Showalter and her two minor children, who brought suit by her as their next friend, filed an equitable petition against W. E. Mann and W. C. Martin. The petition was amended. A general and special demurrer to it was overruled, and the defendants excepted.

Mrs. Showalter sued her husband for temporary and permanent alimony for herself and two children. This suit resulted in a settlement. Later the plaintiffs in the present case filed an equitable petition against Showalter and a woman whom he had married after obtaining a divorce in Tennessee, seeking to set aside such decree of divorce and to annul and set aside the second marriage. This case resulted in a settlement and consent decree. Under the settlement, Showalter conveyed and transferred certain real and personal property to Mrs. Showalter. She conveyed and

transferred some of it to each of the present defendants, who had represented the case under a contract with her by which they were employed to bring the suit and were to receive a third of any recovery. The plaintiffs now seek to set aside the contract for such fees, and the conveyance and transfer of property to the defendants, and to recover such property, and the proceeds of such personalty as may have been sold. They alleged fraud on the part of the defendants in the procurement of the contract and in the procurement of the conveyance and transfer. By amendment it was prayed that, if the defendants were entitled to any compensation, a reasonable amount should be fixed, and the property be recovered subject thereto.

1. The suit naturally divides itself for consideration into two parts—the proceeding by the two children, who appeared by their mother as next friend, and that by the mother on her own behalf. In the previous case, upon settlement, a consent decree was taken. It recited that "whereas all of the parties to the above-stated cause have consented that said cases he heard and disposed of at the first term of the court, and whereas all property rights in dispute between the plaintiff and the defendant in the above-stated case have been adjusted between them as follows" (reciting that certain property had been conveyed to Mrs. Showalter and that certain property was to be hers). It was decreed that the transfers described be confirmed. Then came the following clause: "It is further ordered and adjudged by the court that the defendant, A. J. Showalter, be relieved from any further liability as to the support of the two minor children mentioned in the said bill, and that the support, education, and maintenance of the two said minor children be assumed by the plaintiff, Callie W. Showalter, in this case." It was further decreed, that the prayer to annul the decree of divorce be refused, and that such decree be confirmed as a valid decree and binding upon the parties to it; also, that the prayer to annul the marriage between Showalter and his second wife be denied, and the marriage be adjudged to be valid. The property now in controversy was part of that referred to in this decree. The conveyances and transfers to Mrs. Showalter were thus confirmed.

Minors who are parties to a case, appearing by their next friend, are bound by the judgment rendered therein, though it may be

subject to be attacked for proper cause.  *Lowe* v. *Equitable Mortgage Company,* 102 *Ga.* 103 (29 S. E. 148); *McMillan* v. *Hunnicutt,* 109 *Ga.* 699 (35 S. E. 102); *Ross* v. *Battle,* 113 *Ga.* 742 (39 S. E. 287).  In this case, while the children allege that they did not agree to the settlement or to the contract with the defendants as to fees, and that they had no guardian, they do not seek to set aside the decree or the conveyances and transfer to their mother.  Nor are the adverse parties to the case resulting in that decree parties here.  On the contrary, the children are now seeking to claim an interest in the proceeds of the settlement, which was confirmed by the decree.  Their mother, who received the conveyances in her own name, which were confirmed by the decree, is not made a party defendant.  No claim is asserted against her, and no effort made to reform or set aside the conveyances; but she appears in this case for herself and as next friend of her children, relying on such conveyances, and seeking to recover what she has conveyed and transferred to the attorneys who represented the case.  It may be remarked that it is an anomalous proceeding for children, in this State, to file or join in an equitable petition against their father, seeking to set aside a decree of divorce obtained by him in another State, and to have a second marriage subsequently contracted by him declared void.  No law has been brought to our attention authorizing them to do so.  It is not necessary to discuss whether a wife, suing for alimony for herself and children, may bind them by a contract for fees.  Under the allegations and prayers of the present petition, the two children, represented by their mother as next friend, have no right to recover; and the action should have been dismissed as to them.

2.  Relatively to the plaintiff, Mrs. Showalter, the situation is somewhat different.  The relation of attorney and client is one of the highest trust and confidence.  Judge Story (1 Story's Eq. Jur. (13th ed.) 313), speaking of that relation, said: "It is obvious that this relation must give rise to great confidence between the parties, and to very strong influences over the actions and rights and interests of the client.  The situation of an attorney or solicitor puts it in his power to avail himself not only of the necessities of his client, but of his good nature, liberality, and credulity, to obtain undue advantages, bargains, and gratuities.  Hence the law, with a wise prudence, not only watches

over all the transactions of parties in this predicament, but it often interposes to declare transactions void which between other persons would be held unobjectionable." Such a transaction between attorney and client is not ipso facto void. But the burden of showing fairness in it may rest upon the attorney. This rule, however, relates to contracts pending the relation of attorney and client, and affected by the confidence growing out of that relation; not to a contract made for the purpose of employing an attorney. A person desiring to employ an attorney may agree with him upon the terms of the employment and the fees to be charged; and, as to such a contract, the burden is not cast upon the attorney to show, in the first instance, both the contract and its fairness and freedom from fraud. If the client desires to attack it for fraud, he may do so, but he carries the burden. It is true that the attorney is an officer of court, holding a license to practice an honorable profession, in which worthiness of trust is an essential. It is also true that the confidential relation arises at once from the contract, when made. These facts may be for consideration, with other evidence, in determining whether there was fraud, if it be charged. But before the relation of attorney and client has arisen, it can not properly be presumed, as matter of law, that the attorney has obtained such an ascendency or influence over the client that proof of the contract will alone cast any burden of proof upon the attorney to establish its fairness. Practically there could be no binding contract for an attorney to represent a client on a contingent fee, if every such contract required additional evidence to support it, in order to be even prima facie valid. Of course such contracts, like contracts generally, may be attacked for fraud. So after the termination of the relation, or where the parties deal expressly or clearly at arm's length, no such burden rests on the attorney. Dockery *v.* McLellan, 93 Wis. 381 (67 N. W. 733); Jinks *v,* Moppin (Tex. Civ. App.), 80 S. W. 390; Rust *v.* Larue, 4 Little (Ky.), 412, 14 Am. D. 172; Cooley *v.* Miller & Lux, 156 Cal. 510 (105 Pac. 981); Kent *v.* Fishblate, 247 Pa. 361 (93 Atl. 509); Clifford *v.* Braun, 71 App. Div. 432 (75 N. Y. Supp. 856); Title Guarantee & Trust Co. *v.* Stemberg, 119 App. Div. 28 (103 N. Y. Supp. 857).

Did the petition sufficiently allege a case of fraud as to the

plaintiff, Mrs. Showalter, to withstand a general demurrer? We think it did. It was alleged, among other things, that the defendant Mann had previously represented her in a proceeding against her husband for alimony, as to which there had been a settlement, and Mann had been paid his fee; that the husband sought to reduce the amount of alimony which he was paying monthly; that she consulted Mann, and, at his instance, the defendant Martin; that she was in feeble health, had worried over her domestic difficulties, was a nervous and physical wreck and was incapable of forming a correct judgment, or of understanding what were her rights; that she had never had any business experience, and did not know the amount of property possessed by her husband, or its value, or the legal effect of the contract which had been made between them; that she was entirely dependent upon the defendants, and that, with a knowledge of this fact, they procured and induced her to sign a contract for a conditional fee; that Mann represented that Showalter was worth "enormous amounts of property," and that an amount largely in excess of that which he was paying could be recovered, and thus induced her to sign the agreement. The contract with the defendants provided, that they should receive for their services one third of whatever amount of money, property, or other thing of value might be recovered by suit, settlement, or compromise; and that, in "arriving at the amount of such recovery, everything is to be considered a recovery, whether same is given first party and her two minor daughters, or either of them, by suit, compromise, or by virtue of an agreement heretofore or hereafter made with said A. J. Showalter; the recovery is included all property gotten from A. J. Showalter and fixed by decree of the court or in any other way, whether by past or future agreement, suit, or in any other way." It was alleged that this was so worded as to allow the defendants to claim one third of a lot which had been conveyed to the plaintiff under the former settlement, and that Mann had already been paid for his services in that case. It was further alleged, that, after the settlement in the later case, and after certain property had been conveyed and transferred to Mrs. Showalter, the defendants procured her to make to them respectively a deed and transfers of property of such value as to give them more than one third in value of the

recovery; and that in making this settlement with the defendants they represented the amount which was due on a certain note, delivered to her as part of the recovery, to be $3107, its face amount, when in fact there was indorsed on the note a credit of $900, of which she did not know and which they concealed from her. Without going further into the details of the petition, enough has been said to show that there were sufficient allegations of fraud to withstand a general demurrer.

3. The rule that where one party to a contract seeks to rescind it for fraud he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever of value he has received by virtue of the contract, does not apply to this case. The property was not received from the attorneys. It was received from Showalter by Mrs. Showalter, and conveyed and transferred to her by him, and she conveyed and transferred a part of it to the attorneys in payment of their fees. On account of alleged fraud in procuring the contract and the conveyance and transfer from her, she alleged that she had the right to set aside the contract and transfer, and to recover the property; but, if the attorneys were entitled to fees, that reasonable fees should be allowed them as a charge on the property. Thus she claimed that they had already received more than they had a right to retain, and that she had received less than she was entitled to have, even if the contract of employment should stand. *Collier* v. *Collier,* 137 *Ga.* 658 (74 S. E. 275, 26 Ann. Cas. (1913A) 1110); *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694); *Timmerman* v. *Stanley,* 123 *Ga.* 850 (51 S. E. 760, 1 L. R. A. (N S.) 379).

4. In the petition in the present case it is recited that the former suit was brought, attacking and seeking to have set aside the decree of divorce granted in Tennessee, and endeavoring to have declared void the subsequent marriage of Showalter. There were some recitals as to the allegations made in that petition, and the expression was used, "all the allegations of which will be shown to the court." This did not make the former petition a part of the pleading in the present case; nor did it authorize the petition in that case to be brought to this court by specification as a part of the present record. That it was so brought up does not authorize its consideration here on demurrer. The ruling in *Chicago Building &c. Co.* v. *Talbotton Creamery &c. Co.,* 106 *Ga.*

84 (31 S. E. 809), decided by four Justices, where, upon the hearing of a demurrer to a petition, profert was made of a written contract which was the foundation of the suit, and it was produced and read, will not be so extended as to make a part of the record every paper in another case which is mentioned or partly described, so that it can be considered on demurrer to the petition, or brought to this court by specification as part of the record. *Candler* v. *Kirkland,* 112 *Ga.* 459, 460 (37 S. E. 715); *Mitchell* v. *Southern Ry. Co.,* 118 *Ga.* 845, 847 (45 S. E. 703).

5. The rulings above made cover a number of the grounds of the special demurrer, where these points are again raised in substance. As it has been held that the case should be dismissed as to the children, it follows that allegations that they did not consent to the decree, and the like, should be eliminated. There is no allegation that their next friend did not consent. Indeed, it appears that she did so, and her conduct is not attacked as fraudulent. Relatively to Mrs. Showalter, the petition as amended was not subject to special demurrer, except the second, third, and eighteenth grounds thereof, which were good in part.

The allegations of representations made by the defendants, by means of which Mrs. Showalter was induced to enter into a contract with them, and which are alleged to have been fraudulent, are demurrable where it is not stated that they were false, or, if so, that this was not known to her. If such representations were true, they were not fraudulent. The nineteenth paragraph was in the main a species of resumé. The allegation that the defendants presented to the court the decree which was taken, as one to which there was a consent, and that, "as part of the fraudulent scheme aforesaid," the defendants included in the decree the home place and the furniture therein for the purpose of obtaining from Mrs. Showalter $1500, and did thereby obtain it, was not subject to the demurrer filed, when considered in connection with the previous allegations. Except as hereinabove indicated, there was no error in overruling the demurrers.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*

BECK and ATKINSON, JJ., concur specially in the judgment. They are of the opinion that the allegations in regard to fraud perpetrated on Mrs. Showalter in the making of the contract of

employment of the defendants were not sufficient to withstand a general demurrer; but that the allegations as to a fraudulent settlement between the defendants and their client, relatively to the delivery to her of a promissory note of a third party at its face value, and the concealmnet from her of a credit entered on it, were not subject to a general demurrer.