JOHN A. PARKER, executor, plaintiff in error, *vs.* TAYLOR DOWDY, defendant in error.

2. When to a suit for the recovery of a money legacy, commenced after the expiration of twelve months from the executor's qualification, the executor sets up outstanding debts against the estate sufficient to absorb all the assets, the burden is upon the defendant to support his plea by some evidence that the alleged debts are demands for which the estate is probably liable.   It is not sufficient to prove simply that suits for them are pending against him.

2. When the evidence, as found in the record, purports to represent only the substance or the effect of documents introduced on the trial,. and is so vague and meagre that this court cannot ascertain whether the charge of the court complained of produced a wrong verdict or not, a new trial will not be ordered for error in the charge.

·3. By the record it does not appear that the verdict is contrary to law or to evidence.

Administrators and Executors.   Evidence.   New Trial.
Before Judge KNIGHT.   Lumpkin Superior Court.   September Term, 1876.

Dowdy brought complaint against Parker, as executor
of Riley, deceased, to recover a legacy of $250.00, alleged
to have been left to him by the will of the latter.   The
declaration alleged that this legacy was to be paid, according
to the terms of the will, from the proceeds of certain property belonging to the testator, known as the "Alabama place;"
but that the executor refused to pay said legacy, although
the property had been sold, and the proceeds, to the amount
of $5,000.00, were in his hands.

Defendant pleaded as follows:

1. The general issue.

2. That there were other claims against the estate of the
deceased having preference to plaintiff's, and amounting to
more than the proceeds of the sale of the property.

No regular brief of evidence accompanied the record, but
a statement of the evidence introduced, which, by agreement
of counsel, took the place of the usual brief.   This was substantially as follows:

Plaintiff introduced the following evidence:

1. The will of Riley, deceased, showing that plaintiff was
a legatee thereunder, and had bequeathed to him thereby
$250.00, to be paid out of the proceeds of the sale of the
Alabama lands.

2. The return of defendant, as executor, for the year 1876,
showing a balance of $410.00 in his hands, after paying a
specific legacy to one Goliah Riley out of the proceeds of
the said Alabama lands.

Plaintiff then proved from the records and returns in the
ordinary's office that there was property in the hands of
other legatees under the will, and notes for the balance of
the purchase money due for the Alabama lands, amounting
to $9,503.16, as shown by the following statement:

Balance in hands of executor, as per returns........$  410 00
Balance on sale of Alabama farm lands.............  3,366 66
Property turned over to Eliza Wood, as a legacy....  3,126 50
Property turned over to Eliza Jefferson, as a legacy.  1,800 00
Property turned over to Matthews and wife.........    800 00

$9,503 16

This suit was brought more than twelve months after the executor qualified.

The evidence for the defendant was as follows:

A number of suits have been instituted, and are now pending in the courts of Lumpkin county, against defendant as executor, of which claims the following is a list:

Josephine Whelchel *et al.*, heirs of John Harris, deceased, for trust fund, alleged to have been received
  in 1835.......................................$3,000 00
Interest thereon for forty years...................  8,400 00
Eliza Jefferson, trust fund, gold, 1868............  2,200 00
Interest for seven years...........................  1,078 00
Goliah Riley.......................................  4,000 00
Hensly Stegal, from 1853, trust fund..............  1,000 00
Interest for twenty-three years...................  1,610 00
Dorme & Smith....................................    200 00

Claims sworn to and unpaid:

Dr. John A. Moody, last sickness..................$150 00
J. W. Patton......................................   83 40
J. W. Towery......................................   12 30
A. F. Underwood, attorney, for writing will.........  100 00
Balance medical bill..............................  . 8 20

Defendant then introduced evidence to show that the suits which had been brought against him, as executor, and the claims against the estate to which affidavit had been made, and which had not been paid, amounted, in all, to $18,393.90, principal and interest.

It was agreed that defendant sold the Alabama lands, and, on September 8, 1876, collected one-third of the purchase money due therefor, to-wit: $1,633.33⅓.

The jury found for the plaintiff. Defendant moved for a new trial on the following grounds:

1. Because the verdict was contrary to the evidence.

2. Because the verdict was contrary to law.

3. Because the court erred in charging as follows : " If it appears, from the evidence,—the will of the testator—that there was a specific legacy bequeathed to plaintiff of two hundred and fifty dollars, that the property out of the proceeds of which the specific legacy was directed to be paid had been sold by the executor, that twelve months had elapsed since the executor qualified, then, if the executor refuses to pay the legacy, the party entitled has the right to his action, and you would find for the plaintiff for whatever amount is shown to be due, with interest from the time the money became due."

Also, because the court remarked to counsel, after the jury had risen from their seats, and while they were retiring, that the plea and judgment must take care of the rights of the parties.

The motion was overruled, and the defendant excepted.

Wier Boyd ; M. G. Boyd, for plaintiff in error.

W. P. Price, for defendant.

Bleckley, Judge.

1. As to most of the demands pleaded as outstanding, the executor submitted no evidence, except the bare fact that suits for them were pending against him.  He should have gone further and shown some evidence that the testator had made contracts, or committed torts for which his estate was probably liable.  That contracts or torts were alleged in declarations filed in court against the executor, would, of itself, establish nothing.  If the mere pendency of suits would bar or delay the action of a legatee, where the amounts claimed in the suits happened to aggregate more than the assets of the estate, it might be to the executor's interest to have himself sued liberally, or to keep flimsy or fictitious actions pending against him for an indefinite time.  The record before us indicates that some of those relied upon in the present case are altogether chaffy.

In one of them interest is counted for forty years, and in another for twenty-three years. What these venerable debts are evidenced by, whether bonds, notes, or books of account, does not appear.

2. The will of the testator and the pleadings in the various suits against the executor, were in evidence, but are not copied out in the record. From the brief summary of them which the record contains, we are unable to arrive at their complete contents. We are informed that there were other legacies besides the one sued for, but whether they were general or specific, we know not. We cannot tell whether they are more or less subject to give way to creditors than is the one now sued for. There appears to be a sufficient fund in hand to pay this latter legacy, and the fund accrued from the property on which the will charges it. The evidence, as brought up, does not enable us to see that the charge of the court complained of produced a wrong verdict.

Judgment affirmed.