## RICHARDSON *et al.*, administrators, *v.* ADAMS *et al.*

99b 81
113 1020

*Atkinson, J.*—It appearing from a general view of the entire scope of the plaintiffs' petition to marshal the assets of their intestate's estate, and for other relief therewith connected, that an adjudication of the various matters to which the petition relates is essential to a due and proper administration of the estate, the petition was not demurrable as being multifarious or because of misjoinder of parties, although the relief prayed against some of the defendants was of a distinct character from that prayed against others, and as to many of them related to matters in which the other defendants had no interest or concern. The plaintiffs had a common interest, as against all of the defendants, in having the affairs of the estate so adjusted as to enable them to properly administer it; and the several interests of the defendants were sufficiently connected to render all of them proper parties. Accordingly, the court erred in sustaining a demurrer to the petition. *City Bank of Macon* v. *Bartlett*, 71 *Ga.* 804-806, and authorities there cited; *Cohen* v. *Wolff & Buchwald*, 92 *Ga.* 199; *Bowden* v. *Achor*, 95 *Ga.* 243.

April 27, 1896. Argued at the last term.      *Judgment reversed.*

Equitable petition. Before Judge Reese. Hart superior court. March term, 1895.

The petition of M. M. Richardson and Harrison A. Teasley, administrators of Thomas J. Teasley, against Lucy E. Adams *et al.*, alleged: Thomas J. Teasley died October 15, 1891, intestate. January 4, 1892, petitioners duly qualified as his administrators. He was married three times; his first wife was Martha W., by whom he had the following children: J. M., W. A., and John J. Teasley; Lucy E., wife of M. F. Adams; Eliza A., wife of W. H. H. Adams; Sophronia M. Brown, Drucilla A. Fleming, and Martha Maxwell. In 1862 John J. Teasley died, leaving no children, but leaving a widow, now Frances Glenn. On April 29, 1886, W. A. Teasley died, leaving as his heirs G. T. J. Teasley and Oscar Teasley, a minor. In 1872 Mrs. Fleming died, leaving as her heirs Jeff Fleming, who died in 1872, leaving a child named Ada; Mattie Fleming, who married Bart Moss, and died May 12, 1887, leaving the following children: Annie M. L. Moss, Lula W. Moss, Arthur R. Moss, L. S. Moss, and W. J. Moss, who are minors; also Alfred Fleming and Worley Fleming. On May 31, 1884, James M. Teasley died, leaving as his heirs the following children: Eliza G. Mewborn, Walla Brown, Lula Pulliam, Sallie Watt, Willie Teasley, a minor, Texas Mewborn, and Juddie Teasley, a minor. On March 31, 1870, Martha Maxwell died, leaving the following children as her heirs: John M., Thomas J., James M., and E. C. Maxwell, and Mary E. Cason. In 1873 Sophronia M. J. Brown died, leaving one child, J. J. B. Brown, as her heir at law. The second wife of Thomas J. Teasley was Nancy Mewborn, by whom he had the following children: Martin, H. A., and Thomas J. Teasley, and Mary Eaverson. In April, 1869, Martin Teasley died, leaving as his heirs John Teasley and Eliza Sadler. On December 21, 1889, Mary Eaverson died, leaving the following children as her heirs: Harper Eaverson, who died in 1890, leaving the following children: Julian and Maude Eaverson, minors; William A. Eaverson, Eula Maxwell, Bessie, Fannie, Harry, and Thomas Eaver-

son, who are minors.   The third wife of Thomas J. Teasley
was Mrs. Rebecca E. Ward, who survived him and by whom
he has no children.   At the time of his death T. J. Teasley,
besides the personal property received by Rebecca E. Teas-
ley, as hereafter mentioned, left personal property which
has been sold by petitioners, the proceeds amounting to
$342.   On October 12, 1889, T. J. Teasley conveyed to Re-
becca E. Teasley a tract of land in Hart county of 100
acres, by deed, copy of which is exhibited.   On November
30, 1891, under a settlement or agreement between the
heirs at law of Thomas J. Teasley and Rebecca E. Teasley,
the latter received and accepted certain articles of personal-
ty and a tract of land in Hart county which had previously
been conveyed to her by said Teasley, containing 67 acres,
in lieu of dower and year's support, and relinquished all her
interest, title and claim in said tract of 100 acres, and the
same thereby became assets of the estate.   Copy of this
agreement of settlement is exhibited.   Various creditors of
the estate have proved and filed their claims against it,
list of whom, with their places of residence and amount of
claims, is exhibited.   Certain claims which were prior claims
against the estate and necessary expense of administration
have been paid by petitioners, and should be allowed by
the court as credits in the settlement of the estate; list of
which is exhibited.   Petitioners are unable to ascertain what
other claims there are against the estate, or the amount and
legal dignity thereof; and they are unable to ascertain fully
what are the assets of the estate.   About October 12, 1889,
Thomas J. Teasley had his land divided up into lots or
parcels and made voluntary conveyances thereof by deeds,
copies of which are exhibited, as follows: To Lucy E.
Adams a tract in Hart county of 81 2-5 acres; to John A. J.
Teasley and Eliza O. Sadler a tract in Hart county of 77 1-8
acres; to Eliza Adams a tract in Elbert county of 62 4-5
acres; to the children of Drucilla A. Fleming a tract in
Hart county of 44 1-8 acres; to G. T. J. Teasley and Oscar

Teasley a tract in Hart county of 65 acres; to the children
of James W. Teasley a tract in Elbert county of about 33
acres; and to the children of Martha Maxwell a tract in
Elbert county of about 36 acres.  In making said convey-
ances certain of the children of Thomas J. Teasley, to wit,
Mary A. Eaverson's children, H. A. and Thomas J. Teasley,
and J. J. B. Brown, were left out entirely from sharing
in his property.  He was quite an old man, feeble in mind
and body, childish and whimsical, with prejudices easily
aroused, and easily influenced.  At the time said convey-
ances were made, from advanced age and imbecility, he did
not have sufficient mental capacity to make a valid convey-
ance, and said deeds are void; and he was illegally and
unduly influenced to make them; and the property de-
scribed therein is assets of his estate, subject to be adminis-
tered for payment of debts and equal division among his
heirs.  Said deeds should be cancelled and the lands therein
conveyed be recovered for the purpose of administration.
On February 28, 1893, Eliza G. Mewborn and the other
children of James M. Teasley, and A. J. Mewborn, suing
for his wife Eliza G., and as next friend of Juddie Teasley,
brought suit against petitioners to the March term, 1893,
of Hart superior court, alleging that Thomas J. Teasley
was liable to them, as trustee, for a large sum, under legacies
left their grandmother, Martha W. Teasley, under the wills
of James Teasley and Beverly Allen.  This suit is now pend-
ing; copy is exhibited.  On February 28, 1893, John M.
Maxwell and the other children of Martha Maxwell brought
a similar suit to the same court against petitioners, which
is still pending; copy of which is exhibited.  On the same
day and to same court J. J. B. Brown brought a similar
suit against petitioners, which is pending; copy is exhibited.
Said suits are barred by the statute of limitations, and
Thomas J. Teasley did not owe the amount therein claimed
or any part thereof.  The amount and dignity of the claims
being undetermined, and the amount of assets being like-

wise undetermined, as above stated, petitioners cannot tell
whether or not the estate is solvent and therefore cannot
determine what claims should be paid. If separate suits
are maintained on each claim and separate suits to recover
the assets of the estate, a great portion thereof may be lost
in litigation, owing to a multiplicity of suits. The parties
holding the lands described in the deeds above alleged to be
void may sell or encumber said lands, so that they cannot
be recovered for the estate. Therefore petitioners bring
this petition in order to avoid a multiplicity of suits,
cancel said illegal deeds, enjoin the holders of the land
under said deeds from selling or encumbering the same, to
fix the amount and dignity of the claims against the estate,
to ascertain and recover the assets of the same, to fully and
properly marshal said assets, and to settle by one suit and
decree the rights of all parties at interest. They pray:
(1) That the settlement between Rebecca E. Teasley and
the heirs of Thomas J. Teasley of November 30, 1891, be
approved and confirmed. (2) That all of the creditors who
have proved and filed claims against the estate, and all who
may hereafter do so, be restrained from prosecuting suit on
their claims until final judgment on this petition. (3) That
plaintiffs in the suits above described be restrained from
further prosecuting the same until final judgment on this
petition. (4) That the parties holding the lands described
in the deeds attached be restrained from selling or encum-
bering the lands, that the deeds be set aside and the lands
be declared to be assets of the estate of Thomas J. Teasley.
(5) That the holders of said deeds and the other heirs at law
and parties interested in the estate be required to come in
and interplead and determine the validity of said deeds.
(6) That all the creditors of the estate, as well those who
have filed suits as those who have not, be required to come
in and be heard on this petition, and the amount and dignity
of their claims be determined hereunder. (7) That the
court fully marshal the assets of the estate and make such

decree as will protect petitioners in paying out the funds
of the estate.    (8) That the amount and character of the
assets of the estate be ascertained, and the amount, character
and dignity of all claims against the estate be fixed.
(9) That all parties interested have full right to be heard on
all issues that may arise in the case.    (10) That all parties
interested be served with a copy of this petition, and if other
creditors appear or other parties interested be ascertained,
that the clerk of the court have leave to enter their names
as defendants and serve them with copy, without further
order.    (11) That the parties holding the deeds alleged to
be void be required to bring the same into court to be can-
celled, etc.

By amendment petitioners alleged: The holders of the
deeds attacked fraudulently conspired, and by importunities
and persuasions induced Thomas J. Teasley to make said
conveyances, he being at the time an old and infirm man,
in an imbecile condition and not capable of making valid
conveyances of property; and said parties confederating did
by misrepresentation of facts to Thomas J. Teasley arouse
the prejudices of a feeble and whimsical old man against
Harrison Teasley and the other children to whom he con-
veyed nothing, and fraudulently obtained for themselves
conveyances of all the property of Thomas J. Teasley, en-
tirely excluding Harrison Teasley and the other children,
and stripping himself of any means of support in his old
age, helpless and dependent.    Thomas J. Teasley was labor-
ing under a mistake of facts and mental delusion as to the
relation existing between him and Harrison Teasley and
the other children so excluded, which mistake and delusion
was brought about by the false and fraudulent representa-
tion, statements and artful practices of the holders of the
said deeds.    For all of which reasons the deeds were invalid
and should be cancelled.    The possession of the lands de-
scribed in said deeds heretofore attacked never passed out
of Thomas J. Teasley during his life, and the holders of

said pretended deeds unlawfully took possession of said land after his death.

Defendants demurred upon the grounds that no sufficient cause of action is set out against either of defendants; that the petition is multifarious; and for misjoinder of defendants. The demurrer was sustained, and plaintiffs excepted.

*A. G. McCurry* and *J. H. Skelton*, for plaintiffs.
*J. N. Worley* and *O. C. Brown*, for defendants.