WILLIAMS *et al.* v. LANCASTER *et al.*

SIMMONS, C. J.  1. Under the code procedure of this State, heirs at law may sue an administrator and his sureties upon his bond (Civil Code, §§ 3398, 3502), and, as courts of equity have concurrent jurisdiction with the courts of ordinary in the settlement of the accounts of administrators (Civil Code, § 3495), may, by way of admendment to the action (Civil Code, § 4833 et seq.), pray for an accounting and settlement with the administrator. The court, in the trial of the case, will administer legal principles as to the legal portion of the action and equitable principles as to the equitable portion of the action. *De-Lacy* v. *Hurst*, 83 *Ga.* 229.

2. Such an action may be brought in the county of the residence of any of the parties, as the obligation of the principal and sureties on the bond is joint and several. Civil Code, § 3398.

3. Under the allegations in the equitable part of the petition, there was sufficient equity to withstand a general demurrer; nor was the petition multifarious or bad for a misjoinder of parties; nor did the amendment thereto add a new cause of action. See *Richardson* v. *Adams*, 99 *Ga.* 81.

4. Heirs at law may bring their action for their distributive shares, against the administrator and the sureties upon his bond, and pray for an accounting and settlement, at any time after the expiration of one year from the time of his qualification. Civil Code, § 3493 ; *Adams* v. *Adams*, ante, 824. If there are debts due by the estate, the administrator can plead and prove them, and thus protect himself and creditors of the estate. *Parker* v. *Dowdy*, 58 *Ga.* 439 ; *Adams* v. *Adams*, supra.

5. If such administrator has procured an order from the ordinary for the sale of land for the purpose of paying debts of the estate, a prayer by the heirs at law for an accounting and settlement with him, and to enjoin the execution of the order of sale, is not a collateral attack upon the judgment granting the order.

6. A collateral attack upon a judgment may be made in any court upon the ground of fraud. Civil Code, §§ 5370, 4032 ; *McArthur* v. *Matthewson*, 67 *Ga.* 134. If the allegations of fraud are not sufficiently explicit, the petition is subject on this ground to a special and not to a general demurrer.

7. A prayer in such a petition that, upon a final accounting between the heirs and the administrator, the latter may be compelled by the decree of the court to deliver to the heirs the land sought to be sold does not render the suit one respecting the title to land, and the decree prayed may be had in a court of equity in a county other than that in which the land lies.

8. If the allegations in the petition are true, the conduct of the administrator and his treatment of the heirs was not too strongly characterized in that part of the petition to which the administrator filed a special demurrer.

9. In order to determine, upon the hearing of a demurrer, the sufficiency of the allegations of a petition in equity, the court has no power to look beyond the allegations of the petition or to consider the answer thereto. *Tommey* v. *Ellis*, 41 *Ga.* 260 ; *Griffin* v. *Stewart*, 101 *Ga.* 720.

*Judgment reversed.   All the Justices concurring.*

Argued June 18,—Decided July 20, 1901.

Action on bond.   Before Judge Felton.   Bibb superior court.. January 23, 1901.

*Hardeman, Davis, Turner & Jones, H. E. Coats,* and *Hall &. Wimberly,* for plaintiffs.   *Anderson & Grace,* for defendants.