## PRICE et al. v. BROWNLEE.

BECK, J. 1. The plaintiff alleged, that in an exchange of certain lands she had given her promissory notes for a large sum; that she had been induced to make the exchange by false representations made directly to her husband by the person with whom she exchanged, which representations were communicated to her, that the lands she transferred in exchange were of equal value with those transferred to her; that the notes she gave were without consideration; and that they had passed through the hands of a series of transferees, all of whom were affected by notice of her equities. She sought to enjoin a suit in the city court of Atlanta, brought by the last of the transferees, naming as parties defendant the original party with whom she had exchanged and all of the transferees of the notes. Her petition was filed on October 17, 1914, and was heard on November 21, 1914, and the injunction sought was refused at the interlocutory hearing. This judgment was affirmed. *Brownlee* v. *Price,* 143 *Ga.* 383 (85 S. E. 32). Subsequently the plaintiff amended by setting forth that the defendants had rescinded the trade in regard to the exchange of properties, and had taken possession of the lands for which she had exchanged her property, and were collecting the rents and profits. She prayed again that the suit in the city court be enjoined, and that she have an accounting. It was admitted that there could be no injunction upon the facts relied upon in the petition as it originally stood; and the judge stated that he would not grant an injunction on any of the issues involved in the original petition; but upon the interlocutory hearing did grant an injunction restraining the suit in the city court. *Held,* that this was error. The amendment was tantamount to a second petition for injunction. The taking possession of the lands by the defendants was the basis for the second suit for injunction and accounting. These facts were known at the hearing of the first proceeding, or could have been known by the exercise of the least diligence, and it was actually known at the first hearing that the last of the transferees of the notes sued upon in the city court had taken possession of the lands; and this fact should then, if it were a proper basis for the grant of an injunction, have been urged; and it can not now be set up, as it was in no sense new matter coming to the attention of the petitioner since the first hearing. *Eminent Household etc.* v. *Thornton,* 135 *Ga.* 786 (70 S. E. 666).

2. The defendants in the petition were named as plaintiffs in error in the bill of exceptions to the judgment granting the interlocutory injunction; and the motion to dismiss the writ of error, upon the ground that the payee in the notes with whom the plaintiff exchanged lands, and who was indorser thereupon and a codefendant in the suit in the city court, should have been made a party defendant, is without merit.

*Judgment reversed. All the Justices concur, except Atkinson, J., dissenting.*

MAY 18, 1916.

Injunction. Before Judge Bell. Fulton superior court. October 29, 1915.

*Jones & Chambers, M. P. McWhorter,* and *Samuel H. Sibley,* for plaintiffs in error. *J. A. Hunt* and *J. F. Golightly,* contra.

LUMPKIN, J., concurring specially. I concur in the judgment in this case, on the ground that, under all the facts, the grant of the interlocutory injunction was erroneous. But I do not concur in laying down any hard and fast rule which will declare that if a litigant knew or by the use of reasonable diligence could have known certain facts when an application for temporary injunction was denied, it will ipso facto amount to an abuse of discretion, or an error, for the judge to grant an injunction on a second application involving such facts. A litigant will not be allowed to play fast and loose with the court, to try some of his case and purposely to hold back other parts of it for use if he fails in the first effort. But it is declared by the Civil Code (1910), § 5497, that the granting or continuing of injunctions must always rest in the sound discretion of the judge, according to the circumstances of each case; and by section 5498 that "A second injunction may be granted in the discretion of the judge." The conduct of the plaintiff is a matter for consideration. But the doctrine of res adjudicata, or some similar theory, will not prevent a presiding judge from correcting an error or an unjust result of an interlocutory order, in a proper case. I am authorized to state that Presiding Justice Evans concurs in the views here expressed.