PARKER, superintendent, *et al.* v. WEAVER *et al.*

GILBERT, J.    1.   Where an interlocutory injunction is granted and afterwards the case is voluntarily dismissed by the plaintiff, "a second injunction may be granted in the discretion of the judge." Civil Code,

§ 5498; *Cox* v. *Griffin*, 17 *Ga.* 249. And see Kerr on Injunctions (5th ed.), 679; 22 Cyc. 947; 1 High on Injunctions, § 39. The following cases, where an interlocutory injunction had been refused, are not applicable, the judgment having been rendered in favor of the opposite party. *Blizzard* v. *Nosworthy*, 50 *Ga.* 514; *Beckwith* v. *Blanchard*, 79 *Ga.* 303 (7 S. E. 224); *Eminent Household* v. *Thornton*, 135 *Ga.* 786, 797 (70 S. E. 666); *Price* v. *Brownlee*, 145 *Ga.* 291 (88 S. E. 965).

2. The court did not abuse its discretion in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Beck, P. J., who dissents from the ruling in the second headnote.*

No. 2325. MAY 13, 1921.

Injunction. Before Judge Highsmith. Appling superior court. October 30, 1920.

Weaver and Blair sought to enjoin against the sale of their property under executions levied thereon for the purpose of collecting a tax to supplement the school fund paid by the State in Mount Vernon school district, alleging, that at the election held for the purpose of deciding whether a tax for this purpose should be levied two persons voted illegally, one of them not having been a resident of the district for the length of time required by statute, and the other not having paid his taxes in accordance with the law; that, excluding these two votes, less than two thirds of the votes cast at said election were favorable to the levy of the tax; that in consequence the levy of the tax was illegal and void; that the threatened sale would constitute a cloud upon their title; and that they were without an adequate remedy at law. The persons named as defendants were the individuals holding the offices of superintendent of public schools, sheriff, tax-collector, and ordinary of Appling County, and composing the board of county commissioners and board of education, and the trustees of Mount Vernon local school district. The answer filed by the defendants asserts that the plaintiffs had, previously to the filing of this petition, filed a petition " covering the same facts and same issues," and, after obtaining a temporary restraining order, had withdrawn their case; and that they are therefore not entitled to a second injunction.

At the hearing the plaintiffs introduced evidence to the effect that E. J. Barber, one of those voting for the tax, had not resided in the school district for six months prior to the election; also, that J. S. Todd, who voted for the tax, resided in the district during 1917 and 1918, and had not made any tax returns and had not

paid tax for the year 1917. The defendants introduced evidence to the effect that the names of these two voters appeared upon the list of those entitled to vote at said election, regularly prepared and furnished by the registrars to the managers of the election, and that Todd was not returned as a tax defaulter. Todd testified by affidavit, that he had resided in the county since 1917; that he had made no tax return; that in the year 1919 he made enquiry of the tax-collector as to taxes due by him and was informed that he owed only a school tax, which was paid, and that he had paid no other taxes except a road tax.

The court granted the interlocutory injunction, and defendants excepted. There is attached as an exhibit to the bill of exceptions a copy of the petition upon which the defendants allege a restraining order had previously been granted, and which was subsequently dismissed, the attorney for plaintiffs executing the following writing: " Plaintiffs hereby dismiss the within and foregoing suit in the above-stated case and proceeding, without in any manner prejudicing their rights to recommence same upon payment of costs." The parties in the present petition are the same as were named in the first petition, and the facts alleged in both petitions are substantially the same.

*Padgett & Watson* and *C. H. Parker,* for plaintiffs in error.

*J. B. Moore,* contra.