11933. BROOKE *et al.* v. FARMERS AND MERCHANTS BANK OF CUMMING.

PER CURIAM. 1. The motion to dismiss the bill of exceptions is denied.

2. An unreversed judgment of a competent court cannot be *collaterally* attacked except for fraud or collusion, or for some defect apparent upon the face of the record or pleadings. Civil Code (1910), §§ 3218 and 5966; *Hammock* v. *McBride,* 6 *Ga.* 178; *Smith* v. *Cuyler,* 78 *Ga.* 654 (2) (3 S. E. 406); *Williams* v. *Lancaster,* 113 *Ga.* 1020 (6) (39 S. E. 471). See also, in this connection, Civil Code (1910), §§ 4629, 4630, 5965; *McArthur* v. *Matthewson,* 67 *Ga.* 134.

3. In a money-rule proceeding, where C claims money in the hands of the sheriff, derived from the sale of certain property of B, sold by the sheriff under an execution in favor of A against B, and A intervenes and claims the fund, and C alleges in his petition that the judg-

ment in favor of A (upon which the execution of A was based) was obtained through fraud, but the facts as set forth in the petition are insufficient to constitute fraud, it is not error for the court to hold that C could not go behind the judgment and show by extraneous evidence to the record that B did not in fact owe A the amount of the judgment, and to repel evidence offered by C to support his allegations of fraud.

(a) In the instant case the judgment was collaterally attacked solely on the ground of fraud in its procurement, and the only allegation in the petition as to fraud was that the judgment was taken for too great an amount (the amount of the excess being stated) and was *therefore* fraudulent " to the extent of this excess." This allegation, if true, does not necessarily show fraud in the procurement of the judgment. The judgment may have been taken for too great an amount simply through accident or mistake, and a judgment cannot be *collaterally* attacked on the ground that it was procured through accident or mistake; and furthermore, the judgment was not attacked on such a ground. The allegations in the petition being insufficient to show fraud, it was not error for the court to exclude the evidence offered to prove such allegations.

4. The court, sitting by consent without the intervention of a jury, committed no material error in its rulings upon the admissibility of evidence, and did not err in rendering the judgment excepted to.

*Judgment affirmed. Broyles, C. J. and Luke, J., concur. Bloodworth, J., dissents.*

DECIDED JUNE 30, 1921.

Money rule; from Milton superior court — Judge Blair. August 27, 1920.

*N. A. Morris, Harold Hawkins,* for plaintiffs in error.

*George F. Gober, H. L. Patterson,* contra.

BLOODWORTH, J., dissenting. I think this court should pass an order directing the trial judge so to modify his judgment in this case as to allow the bank to collect from the funds in the hands of the sheriff the principal of the debt, $4,500, interest thereon at 8 per cent. from February 8, 1912, 10 per cent. attorney's fees, and costs. Of course I recognize the presumption in favor of a judgment rendered by a court of competent jurisdiction and unreversed, but this presumption may be overcome by proof of fraud. I shall not undertake to quote all the evidence in this case; but the evidence clearly shows that there was due on this indebtedness, when the claim was transferred to the bank, only $216 interest, and that this was all the interest the bank ever paid, and that when the bank bought the claim all the interest on the notes up to February 8, 1912, had been paid by R. J. Webb. M. W. Webb swore that he was cashier of the Farmers & Mechanics Bank when these notes were bought from Mrs. Webb.

He further swore: " *We paid what was due on the notes on that date, and $4,716.00 was the amount we all recognized as involved in the deal at the time the notes were transferred to the bank by Mrs. Webb and at the time the deed was made from her to the bank."* (Italics mine.) This same cashier swore that he made the calculation on the notes upon which the judgment was taken, and the calculation shows that interest was calculated for several years prior to February 8, 1912. The judgment based upon this calculation had in it a total of $949.63 of interest and attorney's fees more than was proper. The petition alleges the judgment " was taken for an excessive sum, and was for too great an amount, and was therefore fraudulent to the extent of this excess as against these claimants." To allow the bank to collect this excess of interest and attorney's fees, while other creditors go without even the principal of their judgment, would be unjust, inequitable, and fraudulent. Both the bank and the law should be satisfied if it received what was justly and legally due. In *Hinton* v. *Burns,* 20 *Ga. App.* 469 (93 S. E. 121), Judge Jenkins said: " A money rule is an equitable proceeding, and the court must, upon proper pleading, award the money in the hands of the officer to the person equitably entitled to it," and cited a number of decisions of this court and of the Supreme Court to support this well-recognized principle. The following sections of the Civil Code of 1910 will give us very material aid in determining the question at issue: " § 5965. The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." " § 4584. The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." " § 4629. Fraud will authorize a court of equity to annul conveyances, however solemnly executed, and to relieve against awards, judgments, and decrees obtained by imposition." " § 5966. Creditors or bona fide purchasers may attack a judgment for any defect appearing on the face of the record or pleadings, or for fraud or collusion, whenever and wherever it interferes with their rights, either at law or in equity." " § 3218. Creditors may attack as fraudulent a judgment or con-

veyance, or any other arrangement interfering with their rights, either in law or in equity."

In *Hammock* v. *McBride,* 6 *Ga.* 178, it was held that "creditors or bona fide purchasers may attack a judgment fraudulently obtained, whenever it interferes with their rights, either at law or in equity." In *Smith* v. *Gettinger,* 3 *Ga.* 140, it was held: "A judgment in attachment may be set aside in a court of law, upon an issue suggesting fraud or want of consideration, tendered by a judgment creditor of the defendant in attachment." In *Smith* v. *Cuyler,* 78 *Ga.* 654, 660 (3 S. E. 407), Chief Justice Bleckley said: "Fraud is not a thing that can stand even when robed in a judgment." In *Williams* v. *Lancaster,* 113 *Ga.* 1020 (6) (39 S. E. 471), the Supreme Court said: "A collateral attack upon a judgment may be made in any court upon the ground of fraud. Civil Code [1895], §§ 5370, 4032."

Under the above rulings, I think the trial judge should have considered all the evidence offered for the purpose of showing that the judgment in favor of the bank was in excess of the amount actually due it; and when all the evidence in reference to this matter is considered, I think the court erred in holding that in this proceeding the bank should be allowed to collect the entire amount for which judgment was entered.