CLEMENTS, executor, *et al.* v. FLETCHER *et al.*

Where a petition is brought against an executor and the surety on his bond, alleging mismanagement and waste, and praying for equitable accounting, removal of the executor, appointment of a receiver, and other equitable relief, and on an interlocutory hearing the trial judge refuses the equitable relief sought, he can not afterwards, upon substantially the same facts, render another judgment removing the executor and appointing a receiver. Especially is this so when the order removing the executor was at an interlocutory hearing, and the executor was solvent and had given ample security.

No. 3389.  JUNE 7, 1923.

Equitable petition. Before Judge Eve. Irwin superior court. July 15, 1922.

John Fletcher, and others, as legatees under the will of John W. Fletcher, deceased, filed an equitable petition against J. B. Clements as executor of the will of Fletcher, and the National Surety Company as surety on his bond, in which the plaintiffs prayed for injunction and the appointment of a receiver, for an accounting and settlement, and for the removal of the executor. A demurrer to the petition was filed, which was overruled, and the defendant excepted. The case was brought to this court; and the judgment of the lower court was affirmed. At the time the demurrer was overruled in the court below the trial judge passed

an order denying an injunction and appointment of a receiver. Subsequently an amendment to the original petition, in the nature of an ancillary petition, was filed, in which it was alleged that the executor should be removed and a receiver appointed, because he refused to carry out the provisions of the will, and refused to divide the estate among the legatees as provided in the will, and refused to properly administer the estate in accordance with the terms thereof; and because the executor was guilty of waste, etc. It was prayed that the executor be removed and that a receiver be appointed to take charge of the estate and administer it under the direction of the court, etc. On the second hearing, at which evidence was had to substantiate the allegations of plaintiffs' amended petition, the court made an order in vacation, removing the executor and appointing a receiver, directing him to take charge of the assets belonging to the estate of the testator; and the executor was directed and ordered to deliver to the receiver all the moneys, notes and accounts, together with all property, both real and personal, belonging to the estate of the deceased. The trial judge delivered a written opinion in the case, a portion of which was as follows: " Said estate was held together by said executor, and no administration thereof looking to the final distribution among the heirs of their patrimony from said estate by said executor, and the petitioners in this case filed [a petition] on June 28th, 1921, practically four years after the appointment and qualification of said executor. This petition came on to be heard before the undersigned, being finally heard on August 18, 1921, and at such time the court was solemnly assured by the executor and his counsel that if no interference in the administration of said estate by said executor was had, that he would promptly and without delay proceed to wind up and distribute the funds and other property belonging to said heirs. At such time the undersigned refused to grant the order sought by the petitioners, and postponed the hearing of the petition, acting upon the solemn assurance given this court by said executor, the court having full faith and confidence in the sincerity and honesty of said assurance made by the executor. At the adjourned November, 1921, term of Irwin superior court, which was held the first week in January, 1922, counsel for petitioners called the matter to the attention of the court, the matter having

been passed at the November term, 1921, until the adjourned term held in January, the court having been again reassured at said November term that if the matter was continued until the adjourned term to be held in January the executor would have by that time completely administered and distributed said estate among the heirs. At this, the November adjourned term, the matter came up for a hearing, and the evidence adduced at such hearing disclosed the fact that the executor had made no distribution of the estate; but the court was informed by the executor that he had, on December 28, 1921, notified each of the heirs at law by writing (having forwarded a copy of said notice to the court) that he was then and there preparing to disburse the funds and divide the property held by him as such executor. Believing that the executor was, as stated by him, then actually proceeding to a distribution and division of said estate, and the court being led to believe, both by the executor and his counsel, by statements made in open court, that he, the said executor, was acting in good faith, and that such estate would be wound up without further delay, the court upon these assurances at that time refused to remove said executor and appoint a receiver for said estate, and the court overruled a demurrer filed by the defendant executor. Within thirty days after the making of these assurances, upon which the court acted in denying a receiver and overruling the demurrer, the defendant executor filed a bill of exceptions, excepting to the rulings of the court, and carried the issue raised by the demurrer to the Supreme Court of Georgia, and has since said time refused to administer said estate. Whereupon the plaintiffs, five months after the passing of the order above referred to, filed their supplemental petition, which came on for a hearing on July 1st, 1922, at which hearing there was introduced evidence which convinced the court that the executor had no desire and no intention to make a settlement of this estate at any time in the near future. The court took the matter under advisement until this date. The court viewing the entire case, the long delays, the general deportment and attitude of the executor, the fact that there is no legal hindrance or reason why the heirs should not receive their portion of the estate, is convinced that to permit the executor to longer retain in his hands this estate, over which he has had dominion and control for more than five years, and to further deny

to these heirs, some of whom are minors and some of whom are in almost destitute circumstances, and to further deny to them their lawful rights, would be, in the opinion of the court, a travesty upon justice." To the judgment removing the executor and appointing a receiver the plaintiffs in error excepted.

*Wall & Grantham, Quincey & Rice,* and *Walter F. George,* for plaintiffs in error.

*A. J. & J. C. McDonald* and *Rogers & Rogers,* contra.

HILL, J. (After stating the foregoing facts.) This is the second appearance of this case in the Supreme Court. *Clements* v. *Fletcher,* 154 *Ga.* 386 (114 S. E. 637). The trial court in that case had passed the following interlocutory order: "The within demurrer coming on to be heard, after argument of counsel it is ordered by the court that the said demurrer be and the same is hereby overruled upon each and every ground thereof. It is further ordered that a receiver and all injunction in said case, as prayed for, be and the same is hereby denied." The plaintiffs in error brought that case to this court by writ of error, excepting to the order of the trial judge in overruling the demurrers to the petition as amended. There was no exception to that portion of the order refusing to appoint a receiver and denying an injunction. This court held, in part: "The present suit is against not only the executor but the National Surety Company, which made the bond for the executor, seeking a judgment against both. The facts alleged in the petition were sufficient to set out a cause of action for some of the relief prayed; and therefore the court did not err in overruling the demurrers. *Lester* v. *Stephens,* 113 *Ga.* 495 (39 S. E. 109) ; *Williams* v. *Lancaster,* 113 *Ga.* 1020 (39 S. E. 471) ; *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766)." Some of the prayers in that case were, that the executor be required to assent to the legacies to petitioners; that an accounting be had; that it be determined how much of the estate in the hands of the executor should go to the petitioners; and that they have judgment against Clements and his bondsmen, etc.

Subsequently to passing the order set out above, and while the case was still pending, the plaintiffs in the original case presented to the judge of the superior court an ancillary petition as set out in the foregoing statement of facts, and on the second hearing evidence was introduced which was substantially the same as on

the former hearing, as appears from a comparison of the present record with that in the former case; and upon the conclusion of the evidence the court passed an order, as heretofore set out, removing the executor and appointing a receiver. Error is assigned upon this judgment, upon the ground that the court exhausted his authority in the case. We are of the opinion that where the judge rendered a judgment upon an application for injunction, the removal of the executor, the appointment of a receiver, etc., in which he refused to grant an injunction and appoint a receiver, he could not afterwards, upon substantially the same facts render another judgment removing the executor and appointing a receiver. *Parker* v. *Weaver*, 151 *Ga.* 547 (107 S. E. 484).

We also reach the conclusion that under the pleadings and the evidence the trial judge erred in removing the executor at an interlocutory hearing and in appointing a receiver, especially in view of the fact that the executor was solvent and had given ample security.          *Judgment reversed. All the Justices concur.*