## MOODY *v.* WILLIAMS.

While a second application for an injunction may be made where an injunction was refused on the first application, such second application is addressed to the discretion of the judge, and should not, as a general rule, be granted unless based upon grounds which were unknown to the applicant at the time of the first application, and which could not, by the exercise of ordinary diligence, have been discovered by him. In this case the judge abused his discretion in granting the temporary injunction.

No. 3704. FEBRUARY 16, 1924.

Injunction. Before Judge Crum. Wilcox superior court. March 23, 1923.

On April 14, 1914, Mrs. Anna C. Williams, a married woman, executed a mortgage to E. A. Moody on described real estate. The mortgage contained a power of sale. The debt secured by the mortgage was evidenced by a certain promissory note which was several times renewed. On October 31, 1922, the mortgagee proceeded to advertise the property for sale under the power contained in the mortgage. On November 20, 1922, the mortgagor filed her petition to the superior court to enjoin the sale, and to cause the mortgage to be surrendered in court and canceled, on the grounds: (*a*) That the debt which the mortgage secured was the debt of the plaintiff's husband, and unenforceable as against the plaintiff. (*b*) That the mortgage was infected with usury, and that after paying the usury and giving credit for all payments on the debt there was left payable only a stated amount, which was tendered by the plaintiff to the defendant. The defendant filed an answer; and at an interlocutory hearing in December, 1922, the judge refused a temporary injunction. After the refusal of the injunction the plaintiff paid $150; but the payments of interest again becoming in arrears, the mortgagee, on February 20, 1923, again proceeded to advertise the property for sale under the power contained in the mortgage. On March 17, 1923, the mortgagor, having paid the costs of court in the former suit, instituted another

action against the mortgagee, seeking to enjoin the sale and cancel the mortgage, on the basis of usury contained in the mortgage, and a tender of payment of the balance due the mortgagee after making allowance for all usury paid on the debt. To the second suit the defendant pleaded the former judgment refusing an injunction. On the trial the plaintiff submitted evidence tending to sustain the allegations of her petition; and the defendant introduced the pleadings in the former case, and the judgment refusing the injunction, in support of his plea in abatement, and did not introduce any other evidence. At the hearing the judge granted a temporary injunction, and the defendant excepted.

*Hal Lawson,* for plaintiff in error.

*H. A. Hodges* and *Max E. Land,* contra.

ATKINSON, J. Error is assigned on the grant of a temporary injunction, after the refusal of an injunction based on the petition of the same plaintiff against the same defendant with respect to the same matter, without any new facts that were not known to the plaintiff at the time of the first application for injunction. The rule has been announced, that "While a second application for an injunction may be made where an injunction was refused on the first application, such second application is addressed to the discretion of the judge, and should not, as a general rule, be granted unless based upon grounds which were unknown to the applicant at the time of the first application, and which could not, by the exercise of ordinary diligence, have been discovered by him." *Savannah, Florida &c. Ry. Co.* v. *Postal Telegraph-Cable Co.,* 113 *Ga.* 916 (2) (39 S. E. 399). The same rule was stated and applied in *Conwell* v. *Neal,* 118 *Ga.* 624 (45 S. E. 910). In that case it was said in the opinion: "Parties are permitted to make a second application for injunction when the first application has been refused, and such applications are addressed to the discretion of the judge; but as a general rule second applications should not be granted unless based upon grounds which were unknown to the applicant when the first application was filed, or could not have been discovered by him by the exercise of ordinary diligence. Civil Code [1895], § 4921 [1910 § 5498]. . . 'If a person sues to enjoin an act, he must bring forward all his causes and reasons, as a failure will bar a new suit. A second injunction for new matter cannot be allowed, if the matter subsisted and was

37

known at the time the first bill was filed.' 1 Van Fleet, Former Ad. § 102. See also Bass *v.* Nelms, 56 Miss. 502, 507; McMicken *v.* Morgan, 9 La. Ann. 208; Porter *v.* Morere, 30 La. Ann. 230; Bank *v.* Schultz, 3 Ohio, 61. 'It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end of litigation if such a practice were permissible.' Stark *v.* Starr, 94 U. S. 485. The Civil Code [1895] declares: 'A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies, as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered.' § 3742. [Civil Code of 1910, § 4336.] In *Wilson* v. *Williams,* 115 *Ga.* 474, it was held that a judgment between the same parties is conclusive on all matters that were actually adjudicated in the case, or which could have been therein properly adjudicated. See also, in this connection, *Green* v. *Central of Georgia Railway Co.,* 112 *Ga.* 859; 24 Am. & Eng. Enc. L. (2d ed.) 781; Hukm Chand, Res. Jud. 88 et seq., 613 et seq. It was the duty of Conwell, when he made his first application to enjoin the suit in the city court, to have brought forward all of the grounds that would have been sufficient reasons for granting the injunction, that were known to him or that could have been discovered by the exercise of ordinary diligence. In his second application, while he alleges facts which are not set forth in the original application, he does not show either that they were unknown to him at that time or that they could not have been discovered had he exercised ordinary diligence to do so."

See also *Price* v. *Brownlee,* 145 *Ga.* 291 (88 S. E. 965); *Beckwith* v. *Blanchard,* 79 *Ga.* 303 (7 S. E. 224). Under application of the foregoing principles the judge abused his discretion in granting the injunction on the second application after refusal of an injunction on the first application. The case differs from *Parker* v. *Weaver,* 151 *Ga.* 547 (107 S. E. 484), which involved a case of the grant of injunction after a restraining order was granted on the first application for injunction, and without any

hearing on such application the case was dismissed without any refusal of a temporary injunction.

*Judgment reversed. All the Justices concur, except Russell, C. J. dissenting.*