## 20481. BURKHALTER *v.* VIRGINIA-CAROLINA CHEMICAL COMPANY.

DECIDED NOVEMBER 15, 1930.

*W. T. Burkhalter,* for plaintiff in error. *J. T. Grice,* contra.

BELL, J. This was a contest between two judgment creditors over the distribution of a fund brought into court under process of garnishment. Both judgments were obtained in the city court of Reidsville, but the contest arose and was heard in the superior

court of Tattnall county. The creditor claiming to hold the senior judgment admittedly procured the same after the defendant had been adjudged to be a lunatic and committed to the Georgia State Sanitarium as such, although service was perfected prior to the institution of lunacy proceedings and at a time when the defendant was presumably sane. The defendant was not represented in such suit by a guardian or guardian ad litem, and the judgment was rendered by default. The other creditor, whose judgment was obtained after the debtor's discharge from the sanitarium and was therefore junior in date, contended that he was entitled to the fund on the ground that the older judgment was void and subject to attack by him, because it was taken after the defendant had been declared insane and the attorney for the plaintiff knew of such fact when obtaining the judgment. The defendant was discharged from the sanitarium more than two years prior to the hearing now under review, and there seems to have been no question as to the liability of the defendant on either claim as represented by the respective judgments. At any rate, he has made no attack of any sort upon either judgment. The trial judge, sitting by consent as court and jury, awarded the fund to the older judgment to the extent of satisfying the fi. fa. issued thereon, after which a balance was ordered paid over to the junior judgment creditor to be applied on his claim. The holder of the junior judgment was dissatisfied with such disposition of the funds, and sued out a bill of exceptions to this court.

1. Creditors may attack a judgment for any defect appearing on the face of the record or pleadings, or for fraud or collusion, whenever and wherever it interferes with their rights, either at law or in equity. Civil Code (1910), § 5966, 3218. In other instances, however, they are bound by the principle that if a judgment be not void, it can not be impeached collaterally, but must be set aside by the court rendering it. Civil Code (1910), § 5968; *Chapman* v. *Taliaferro*, 1 *Ga. App.* 235 (3, 4) (58 S. E. 128); *Brooke* v. *Farmers & Merchants Bank*, 27 *Ga. App.* 250 (2) (108 S. E. 135), and cit.

2. A judgment obtained against an insane person is not void, where the defendant therein was duly served with a copy of the petition and process at a time when he was sane, although at the time of the judgment he was unrepresented by a guardian or

guardian ad litem and, no answer having been filed, the judgment was rendered by default. *Ward* v. *Miller,* 143 *Ga.* 164 (84 S. E. 480); *Foster* v. *Jones,* 23 *Ga.* 168 (2); *Stanfield* v. *Hursey,* 36 *Ga. App.* 394 (136 S. E. 826). In each case cited for the plaintiff in error the judgment was attacked directly, either by a motion to set aside or by exceptions to the action of the court in proceeding to judgment against a minor or insane person without first providing for representation by guardian or guardian ad litem. See, in this connection, *Welch* v. *Agar,* 84 *Ga.* 583 (11 S. E. 149, 20 Am. St. R. 380); *Maryland Casualty Co.* v. *Lanham,* 124 *Ga.* 859 (53 S. E. 395); *Miller* v. *Luckey,* 132 *Ga.* 581 (64 S. E. 658); *Douglas* v. *Johnson,* 130 *Ga.* 472 (2) (60 S. E. 1041); *Burnett* v. *Summerlin,* 110 *Ga.* 349 (2) (35 S. E. 655); *Weaver* v. *Webb,* 3 *Ga. App.* 726 (60 S. E. 367).

3. There is no contention that there was any defect or irregularity appearing on the face of the record or proceedings in which the senior judgment was obtained. Therefore seemingly the only possible ground of attack left to the junior judgment creditor was by proof of fraud or collusion, and the mere fact that the attorney for the plaintiff, at the time of procuring the older judgment, knew that after service was perfected on the defendant and before judgment he had been adjudged to be a lunatic and committed as such, would not amount either to fraud or collusion. The present case is distinguished from *Portman* v. *Mobley,* 158 *Ga.* 269 (123 S. E. 695).

The court did not err in giving preference to the older judgment.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*