## LOWE *et al.* v. EQUITABLE MORTGAGE COMPANY.

Minors are certainly so far concluded by a judgment, regular on its face and rendered by a court of competent jurisdiction in an action brought in their name by a next friend, as that they can not collaterally attack its validity when produced in evidence against them in another and entirely distinct proceeding. If the action was brought without proper authority, or if the judgment was for any reason unlawful or improper, it should have been directly attacked in the court by which it was rendered.

Argued June 17, — Decided July 28, 1897.

Levy and claim.    Before Judge Felton.    Crawford superior court.    October term, 1896.

An execution in favor of the Equitable Mortgage Co. against Danielly, from a judgment of March 21, 1893, was levied on certain land which was claimed by certain Lowes, children of John and Josephine Lowe.    The court directed a verdict against the claimants, and overruled their motion for a new trial.

On February 1, 1896, Jacob Lowe, the father of John Lowe and grandfather of claimants, executed a deed conveying the land in dispute to W. A. Walker in trust for the sole and separate use of Lizzie Walker, wife of W. A. Walker and daughter of the grantor, during her life, and after her death to such child or children as she might have living, and should she die leaving no child, to any and such persons as she might by will designate, with power in her and her husband to appoint another trustee should he wish to resign the trust.    W. A. Walker accepted the trust, and afterwards died.    Lizzie Walker then married Danielly, and died in September, 1882, having had no child by either marriage.    In February, 1883, suit was brought against Danielly by the claimants, by their mother, Josephine Lowe, as their next friend, to recover several tracts of land including that now in dispute; and in aid of this suit they brought a bill in equity, praying for injunction and for receiver of the rents, etc.    On September 17, 1884, a verdict and decree were rendered upon this bill, finding that Josephine Lowe as next friend of her minor children was entitled to recover certain designated tracts of land, and that Danielly was entitled to have, recover, retain and hold in fee simple the land in dispute, together with further findings as to rents. ·· He subsequently mortgaged this land to the Equitable Mortgage Co., upon the foreclosure of which mortgage the execution in question was issued.    Claimants contended that the verdict and decree upon the bill in equity were rendered by consent; that they were then minors and not parties to said bill save by their next friend who voluntarily represented them, and was never required to give any bond as such; that she had no authority to enter into said consent, and the ver-

dict and decree are illegal and void, she never having been appointed their guardian ad litem, nor having given any bond, nor having any authority of law to bind them; and that the Equitable Mortgage Co. took its mortgage with notice of their title and of the illegal decree. The company denied these allegations, especially any notice that the verdict and decree were rendered by consent.

The motion for a new trial, in addition to the general grounds, assigns error: In refusing to permit claimants to prove by L. D. Moore, who was of counsel in the case in which the verdict and decree were rendered, the circumstances connected therewith, and that they were by consent. And in refusing to permit them to prove by Josephine Lowe, that she did not consent to said decree, but it was had without her knowledge and without submitting the issues of her case to any jury without the direction of the court. Also, that she was unaware of the settlement of the case by said decree until she was informed by her counsel and that they had consented for her to said decree.

*M. G. Bayne, R. H. Culverhouse* and *E. C. Gambrell,* for plaintiffs in error.

*Payne & Tye* and *C. E. Hawker,* contra.

LUMPKIN, P. J.  This case turned upon the question whether or not minors could collaterally attack a judgment rendered by a court of competent jurisdiction, in an action brought in their name by one purporting to be their next friend, there being nothing on the face of the record suggesting fraud or the want of good faith, or that the action was instituted by the plaintiff therein without authority, or with any intention other than a bona fide purpose to protect the interest of the minors. The ruling we have made upon this question is supported by the decisions of this court in the cases of *Ross* v. *Southwestern R. R. Co.,* 53 *Ga.* 514, and *Watkins* v. *Lawton,* 69 *Ga.* 671. Both of these cases are cited approvingly in *Freeman* v. *Prendergast,* 94 *Ga.* 385. Of course, if an action ostensibly for the benefit of minors was in fact brought without proper authority, or in fraud of their rights, or if a judgment rendered therein was for any other reason unlawful or improper,

it could be directly attacked in the court by which it was rendered.  That, however, would be an entirely different matter from calling in question the validity of a judgment apparently regular and legal, when offered in evidence against the minors in another and altogether distinct proceeding.  Such an attack would be merely collateral, and to allow it to prevail under such circumstances might result in great injustice to third persons who had in good faith acquired rights under and by virtue of the original judgment.  We are quite confident that the trial judge was correct in ruling that the judgment in issue in the present case could not be thus assailed.

*Judgment affirmed.    All the Justices concurring.*