## NANCE *v.* STOCKBURGER *et al.*

1. Where an action is instituted in behalf of an alleged imbecile by persons designating themselves as his next friends, they are, upon an adverse termination of the case, primarily liable for the costs; and his estate is liable to them for the amount thereof, if he was in fact an imbecile, and the action was brought in good faith.

2. When, therefore, such an action was brought and voluntarily dismissed by the next friends, it was, in the absence of any evidence either as to the fact of imbecility or as to bona fides in instituting the suit, erroneous to tax the costs against the alleged imbecile and enter judgment against him for the same. If he was not an imbecile when the petition was filed, it was wrongfully brought ; and if he was, the above-stated rule as to costs was applicable.

Argued October 2, —Decided October 30, 1900.

Motion to tax costs. Before Judge Fite. Catoosa superior court. August term, 1900.

*R. J. & J. McCamy,* for plaintiff in error.
*Payne & Payne,* contra.

LEWIS, J. S. E. and C. M. Stockburger, as next friends of John A. Nance, filed a petition against R. W. and Emma Nance, to set aside a deed from John A. to R. W. and Emma Nance, on the ground that John A. was incapable of making a deed, and was unduly influenced thereto by said R. W. and Emma. It seems that this came up for trial at the August term, 1898, of Catoosa superior court, and resulted in a verdict for the plaintiffs. A motion for a new trial was made by the defendants, which being overruled, the case was carried by writ of error to the Supreme Court, where the decision of the lower court was reversed. The case was again called for a hearing at the August term, 1900, of Catoosa superior court, when the plaintiffs voluntarily dismissed their case, and moved the court to grant an order signing up judgment for the costs in the case against John A. Nance, which order the court granted, and judgment was signed accordingly. To this decision John A. Nance excepts.

While the petition of the plaintiffs alleges the imbecility of John A. Nance, the person for whose benefit plaintiffs allege the suit was brought, there is nothing in the present record sustaining this allegation. There is no proof whatever that he was incapable of making a contract, or that he was a minor, or that he desired the institution of this suit to cancel a conveyance that he had made to his brother and wife. The court, it seems, upon motion of his alleged next friends, entered a judgment against him for the costs of this suit without any proof whatever having been offered to show that they had instituted the suit for him in good faith, and that he was non compos mentis. We know of no law in Georgia that authorizes any one, without authority from any court, to voluntarily institute a suit as next friend for an imbecile or lunatic. It has frequently occurred in the practice that such suits are instituted by persons as next friends of minors; but when the property of an insane person or imbecile, who has not sufficient capacity to manage the same, is being wasted, or when it has been seized by others

wrongfully, to the injury of one in such a condition, it is evidently, under the statute, the duty of the ordinary to appoint a guardian for such imbecile or lunatic. In the event a guardian is duly appointed in this way, there can be no question about his right to institute an action in any court, whenever it becomes necessary to protect the personal or property rights of such a ward. We do not mean to say that a person could not, as next friend, without order of court, bring such an action for the protection of the rights of an irresponsible person; but we are confident that when it is done, and the next friend voluntarily dismisses his action, he has no right to ask that the court render a judgment for costs against the party for whose benefit he pretends to be acting. The general rule seems to be that in an action prosecuted by a next friend for an infant, the latter is not primarily liable for the costs of an unsuccessful suit. These costs are usually borne in the first instance by the next friend, or guardian ad litem, and this liability has been held to be the reason for the appointment of a next friend or guardian ad litem in a case. *Harper* v. *Whitehead*, 33 *Ga.* 144, (2); 14 Enc. Pl. & Pr. 1044–5. Daniell, in his work on Chancery Pleading and Practice (vol. 1, *79–81), seems to recognize the doctrine that the liability of a next friend for the costs of dismissing a bill, or an unsuccessful proceeding instituted by him, is applicable only as between the next friend and the defendant in the cause; for the court is usually anxious to encourage those who will stand forward in the character of next friend on behalf of infants, and will, whenever it can be done, allow the next friend the costs, out of the infant's estate, of any proceeding instituted by him on behalf of the infant, even though unsuccessful, *provided he appears to have acted bona fide* for the benefit of the infant. The author states further that such an inquiry, as to whether the suit was instituted for the benefit of an incapacitated person, would not be directed on the application of a next friend, but the latter must carry it at his own risk. We know of no principle of law upon which the plaintiff in error in the present case could properly have been held by the judge to be primarily liable for the costs.

*Judgment reversed. All concurring, except Little, J., absent.*