BYROM, administrator, *v.* VARNER *et al.*

Where minors were interested as tenants in remainder, and before determination of the life-estate the life-tenant, in behalf of herself and as procheim.ami for the minors, instituted suit for recovery of the land, in which suit it was also sought to set aside a trustee's deed under which the defendant held, and the order of the court authorizing the trustee to sell, it being alleged that the minors were necessary parties, and prayed that a guardian ad litem be appointed for them, and the court having passed an order declaring the minors necessary parties, and appointing the procheim ami guardian ad litem for them, and the defendant by answer having set up the validity of the administrator's deed and order of the court under which the sale was made, and also prescriptive title by virtue of possession for more than seven years under

color of the administrator's deed, in the absence of all fraud or bad faith in making the minors parties plaintiff, the judgment rendered in favor of the validity of the defendant's title was an adjudication of the plaintiff's title, not only as against the life-tenant, but also as against the minors who had been made parties plaintiff under order of the court.

AUGUST 17, 1911. REHEARING DENIED SEPTEMBER 22, 1911.

Equitable petition. Before Judge Felton. Houston superior court. May 11, 1910.

It appears from the record that in 1854 Benjamin H. Gray died testate. In the 8th item of his will he devised to "Patrick Gray in trust for and to the sole and separate use and benefit of [testator's] daughter Anne Gray, . . for and during her natural life, and after her death to her children in fee simple, one half of [testator's] plantation on the Fort Valley road, the other half to go as hereinafter devised." By the 9th item a devise of said other half was made to Patrick Gray in trust for the sole and separate use and benefit of the testator's daughter Jane Gray, for and during her natural life, and after her death to her children in fee simple, it being further stated in this item that it was the will of the testator "that the said plantation be equally divided between my two daughters." In other items specific legacies were given to other children of the testator. The 13th item provided "that the whole residue of my estate, both real and personal, after the payment and satisfaction of all my just debts and the legacies or items hereinbefore given, be equally divided between all my children in the same manner and under the same conditions and trusts as I have hereinbefore followed in regard to my children and the property given to them in this my will." The 14th item was as follows: "It is my will, and I hereby direct, that if any of my children should die, leaving no child or representative of children, then and in that case the property which I have given to such child, so dying without a child or representative of children, shall revert to my estate and be equally divided between my other children in the same manner and under the same directions and trusts as hereinbefore followed by me in this my will in regard to my children and the property given to them." Anne Gray married Varner in 1855. Jane Gray married Walker prior to October, 1855. In 1856, after the marriage of Anne and Jane, Patrick Gray as trustee petitioned the superior court of Houston county to be removed as trustee, and that Varner and Walker be appointed trustees for their respective

wives in his place. Upon this application the court. in October, 1856, passed an order removing Patrick Gray as trustee, and appointed Varner and Walker trustees, as requested, in his place and stead. In May, 1857, Varner and Walker as trustees petitioned the judge of the superior court of the Macon circuit, Houston county being within that circuit, for leave to sell the lands composing the plantation referred to in the 8th and 9th items of the will of Benjamin H. Gray, for the purpose of reinvestment. Their respective wives joined in the petition. Afterwards the judge at chambers, after considering the application, granted leave to Varner and Walker as trustees to sell the land at public or private sale, and empowered the trustees to convey the same by deed and receive what the land might sell for, and invest the same in other property upon like limitations, conditions, and trusts as those on which the land to be sold was then held by the trustees. On October 6, 1857, Walker as trustee conveyed, by warranty deed reciting that it was in pursuance of the aforesaid order, a one-half undivided interest in the lands described in the order, to Daniel F. Gunn, for the stated consideration of $4,000. On January 5, 1859, Varner as trustee conveyed, by warranty deed reciting that it was in pursuance of the aforesaid order, to Daniel Gunn the remaining one-half undivided interest in the same lands for the recited consideration of $4,885. Both of these deeds purported to convey the lands described therein "to the said Daniel F. Gunn, his heirs and assigns forever." Walker died in 1864. His wife, Jane, died in 1867, leaving no children. Daniel F. Gunn, though he took such conveyances to himself, purchased a one-third interest in the lands for Julia M. Gunn, and the remaining two-thirds interest for his wards, Ulysses Gunn and Valeria Gunn; and subsequently, in 1865, by an order of the court of ordinary Daniel F. Gunn turned the interest of his wards over to them in a settlement with them as guardian. Subsequently Valeria Gunn sold and conveyed her undivided interest in the land to Julia M. Gunn, and afterwards upon the petition of U. M. Gunn the lands were partitioned between him and Julia M. Gunn. The lands have been in the adverse possession of Daniel F. Gunn and those claiming under him, as above stated, from the time of his purchase of them from Varner and Walker as trustees. In 1874 Mrs. Anne Varner, for herself and as next friend of her minor children, A. J. Varner, Julia F.

Varner, Forrest Gray Varner, Paul H. Varner, and R. L. Varner, brought a bill in the superior court of Houston county, against Daniel F. Gunn, U. M. Gunn, and Julia M. Gunn, for the recovery of the one-half interest in the lands as devised in the 8th item of the will of Benjamin H. Gray, and of one-sixth interest in the land as devised in the 9th item of the will. Attached as exhibits to the bill and made a part thereof were copies of the will of Benjamin H. Gray, the order of the court substituting Varner and Walker as trustees in the place of Patrick Gray, the order granted to Varner and Walker as trustees to sell the land for reinvestment, and the deeds made by them to Daniel F. Gunn. The bill alleged, that the order for sale and reinvestment was fraudulently obtained; that Anne Varner was unduly coerced by her husband to consent to the granting of such order; that the sale to Gunn was collusive, and not for the purpose of reinvestment; that Gunn never paid any money for the lands, but settled with Varner for the same in notes held by Gunn against Varner; and that all of the defendants had knowledge that the order for sale was fraudulently obtained, and of the collusion between Varner and Walker on the one side and Daniel F. Gunn on the other as to the latter's purchase of the lands. The prayers were for the recovery of the land and mesne profits, that the order of sale be set aside, that the deed from Varner as trustee be set aside and cancelled, and that "some fit and suitable person may, it being necessary, be appointed to act as her trustee and as trustee for her said minor children." Subsequently the following order was passed: "Georgia, Houston County. It appearing to the court that H. A. Varner, Julia F. Varner, Forrest Gray Varner, Paul H. Varner, and Robert L. Varner are minors and are interested in the suit of Anne Varner vs. D. F. Gunn et al., it is therefore ordered by the court that Mrs. Anne Varner be and she is hereby appointed guardian ad litem of said minors, and that said cause proceed in her name as such guardian. In open court, C. F. Crisp, J. S. C., S. W. C., presiding." On November 26, 1877, Mrs. Anne Varner in writing accepted the appointment of guardian ad litem of her said minor children. The defendants answered to the effect that Daniel F. Gunn purchased the lands from the trustees in good faith, and paid full value in money to the trustees for the same, believing that he was getting a valid and absolute title thereto. All knowledge

or notice of the alleged coercion inducing Mrs. Varner to consent to the granting of the order to sell, and her objection to the sale, and collusion of Daniel F. Gunn with Varner, was denied. A prescriptive title under seven years adverse possession with color was set up. Upon the trial of that bill a verdict was rendered in favor of the defendants which by order was made the decree of the court. The plaintiffs moved for a new trial, two grounds of the motion being as follows: "Because the court erred in charging the jury as follows: Under the terms of the will of old man Benj. Gray, he created a trust estate for the benefit of his daughters and their children, a life-estate in the daughters and the remainder in their children, appointing his son Patrick Gray trustee. If Patrick Gray resigned his trust or by order of a court of chancery other trustees were appointed, then the legal title to the estate was in the trustee so appointed; and if there was such action as that, and the trustee or trustees so appointed applied to the judge of the superior court of this circuit for an order to sell the property at private sale, and the cestuis que trust, these ladies, had notice of that order and consented to it, and if the judge of the superior court granted an order that it might be sold and the proceeds reinvested for the same uses and trusts, and if bought bona fide for a valuable consideration without fraud between them and the trustees at such sale, they got a good title and the complainants in this action can not recover." "Because the court erred in charging the jury as follows: The defendants say more. If that proposition is not true, if they did not get a good title at such sale, if any sale was made, yet they say that these trustees obtained an order from the judge of the proper court to sell this property, and that they bona fide and for a valuable consideration bought it from said trustees in pursuance of that order, that they took a deed from these trustees and went into possession under that deed, and that they and those claiming under them have remained in possession of this property more than seven years under color of title before the institution of this suit, and that therefore they have what the law calls a good prescriptive title." The motion was overruled. On exception to this ruling the case was brought to the Supreme Court, where the judgment was affirmed. (*Varner* v. *Gunn*, 61 *Ga.* 54.) In the opinion then rendered it was said: "The controlling question in this case is whether the complainant's right

to recover the land sued for was barred by the statute of limitations, it being in the nature of an equitable action of ejectment." After stating the relevant facts and the charge of the trial judge on the subject of prescriptive title, which was excepted to in the motion for a new trial, it was held: "This charge of the court was not erroneous, especially when taken in connection with the other portions of the charge contained in the record," citing two former decisions of this court. The decision was rendered at the August term, 1878, of this court. After the death of Anne Varner, which occurred in September, 1909, John S. Byrom as administrator of the estate of Julia M. Gunn applied to the ordinary of Houston county for an order to sell the land or lands belonging to the estate of his intestate, which were the same lands that had been awarded to her in the partition proceedings between U. M. Gunn and herself. F. G. Varner and Julia Chapman (née Varner), who were surviving children of Anne Varner, and Lena B. Stembridge, who was the widow of Paul H. Varner, another of the children of Anne Varner, interposed claims to the property sought to be sold by the administrator, basing their claim of title upon the will of Benjamin H. Gray, as fully set forth in their equitable petition filed in aid of their claim. The administrator filed answer to this petition, alleging, among other things, that the legal title passed under the sales by the trustees of Anne Varner and Jane Walker to Daniel F. Gunn, and finally vested in Julia M. Gunn, as fully set forth in the record in the case of Varner v. Gunn et al., before referred to; and that the claimants were concluded by the judgment against them in the case brought by their mother, Anne Varner, for herself and as next friend and guardian ad litem for the claimants against Julia M. Gunn and other defendants.

Upon trial of the case now under review, wherein all of the facts above set forth appeared, the court directed a verdict in favor of the claimants. The administrator moved for a new trial, which being refused, he excepted.

*Guerry, Hall & Roberts,* for plaintiff in error.

*H. A. Mathews* and *John P. Ross,* contra.

ATKINSON, J. (After stating the facts.) This case, we think, turns upon the question whether the claimants were concluded by the judgment rendered in the case brought by Mrs. Varner for

herself and as next friend and guardian ad litem for all of her minor children, among whom were two of the claimants, and Paul H. Varner, of whom the third claimant is the sole heir at law, against Julia M. Gunn, the intestate of the plaintiff in error, and other defendants. In that case the order granted by the superior court to the trustees of Anne Varner and Jane Walker to sell the entire interest in the lands in question was attacked and sought to be set aside on the ground that Mrs. Varner's consent thereto was obtained through coercion on the part of her husband. The deed from the trustees to Daniel F. Gunn, made in pursuance of such order of sale, was also attacked on the ground of collusion between Varner and Daniel F. Gunn, the purchaser. The deed purported to convey the fee in the land; and it is evident, from the order of sale and the terms of the deed and the consideration purporting to have been paid, that a sale and conveyance of the entire interest in the land could be made and the proceeds reinvested by the trustees in other property under the same trusts, conditions, and limitations. It further appears that Mrs. Varner in bringing that action believed that her children, all of whom were then minors, were interested in this action. In the bill there was a recital that they were necessary parties, and a request that the judge should appoint a guardian ad litem to represent their interests in the suit. The judge appointed Mrs. Varner as guardian ad litem for the minors, reciting in the order that it appeared that they were necessary parties; and whether they were such was a question to be then determined by the court. It appears from the issues made by the answers of the defendants in that case, that the defenses set up by them were alike applicable to Mrs. Varner and her children for whom she was guardian ad litem. The judge who presided at the trial of that case was evidently of the opinion that the minors were interested in that litigation, for the order appointing a guardian ad litem for them expressly so states; and this opinion of the judge is further indicated in the instructions he gave to the jury, upon which error was assigned in the motion made for a new trial. This court, upon the review of the trial in that case, affirmed the judgment. They deemed it necessary to discuss rulings on but one point, namely, prescription. As the claimants in the present action were parties in the former case against the intestate of the plaintiff in error and others, and as the judgment

was there rendered against them to the effect that the defendants in that action had a good prescriptive title to the identical land involved in the present suit, the plaintiffs must be held to be concluded by that judgment, it appearing that they were made parties to the former case in good faith and for the protection of what was then considered to be their interest in the suit, and there being nothing tending to show that there was any fraud, collusion, or any improper motive of any character tending to injuriously affect their interests by making them parties in that action. *Ross* v. *Southwestern R. Co.*, 53 *Ga.* 514; *Watkins* v. *Lawton*, 69 *Ga.* 671; *Freeman* v. *Prendergast*, 94 *Ga.* 385 (21 S. E. 837); *Lowe* v. *Equitable Mortgage Co.*, 102 *Ga.* 103 (29 S. E. 148); *Walden* v. *Walden*, 128 *Ga.* 126 (57 S. E. 323). It follows from what has been said that a verdict was demanded in favor of the administrator, and that the court erred in directing a verdict for the claimants.

*Judgment reversed.   Beck, J., absent.   The other Justices concur.*