## MASSACHUSETTS BONDING AND INSURANCE COMPANY et al. v. SMITH.

"All proceedings of every kind in any court of this State, to set aside judgments or decrees of the courts, must be made within three' years from the rendering of said judgments or decrees." Civil Code, § 4358. But if the defendant "has been guilty of a fraud by which plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." Civil Code, § 4380. Nevertheless, the party alleging the existence of such fraud as to toll the statute must show that he has exercised ordinary diligence to discover the fraud; otherwise, the statute runs from the time when such fraud might have been discovered by ordinary diligence. In the present case the plaintiff failed to show the diligence due under the facts alleged, and the general rule fixed in the statute first quoted applies.

No. 4532. FEBRUARY 19, 1925.

Equitable petition. Before Judge Sheppard. Tattnall superior court. August 22, 1924.

Clarence Smith brought his action against L. A. Smith as former administrator of the estate of William Smith, deceased, and the Massachusetts Bonding and Insurance Company as surety on the administrator's bond. The substantial allegations in the petition were as follows: The plaintiff is the son of A. D. Smith, deceased, who was the son of William Smith, and who died before the death of William Smith; and upon the death of William Smith, who died intestate, the plaintiff, as one of the children of A. D. Smith, was entitled, as an heir at law of the estate of William Smith, to a portion of said estate, the same being one sixth of the interest in said estate that petitioner's father would have been entitled to if he had been alive. In the early part of 1917 war was declared between the United States and Germany, and in September of that year petitioner was enlisted as a soldier in the army of the United States, and was transported, shortly thereafter, to France, and was engaged as a soldier in that war, and was not discharged from the army until about the first day of May, 1919, and did not return to his home in Tattnall County until two days later. At the November term, 1917, of the court of ordinary of Tattnall County, while the plaintiff was absent in France as a soldier, L. A. Smith, the defendant, a brother of William Smith, deceased, and an uncle of the plaintiff, was duly qualified as the administrator of the estate of William Smith, the

Massachusetts Bonding and Insurance Company becoming the surety on the bond of the administrator. On October 7, 1918, L. A. Smith filed with the ordinary his application for discharge as administrator of- the estate, setting forth in the application that he had fully discharged all of his duties as administrator and had paid all of the debts of the estate and had turned over the residue of the estate to the lawful heirs; upon which application, after due publication of the same, the ordinary, on November 4, 1918, granted an order discharging L. A. Smith as administrator; all of which was done while plaintiff was absent from this country and in France, and of which plaintiff had no knowledge or notice.

As administrator L. A. Smith took charge of all the property of the estate, both real and personal, and under orders of the court of ordinary converted all of the estate into cash. Plaintiff's share amounted to $409.75, no part of which has ever been paid to him, although there were sufficient funds that went into the hands of the administrator to pay the same. Said defendant obtained his discharge as administrator by falsely and fraudulently representing to the ordinary, in his application for discharge, that, after paying all the debts of the estate, he had turned over the residue to the lawful heirs, he knowing full well that plaintiff was an heir at law of said estate and had been paid nothing, and nothing has ever been paid petitioner out of the estate. Plaintiff knew nothing of the discharge being granted to the administrator, and nothing of the fraudulent statement made by the administrator to obtain his discharge, and had no notice thereof or any reason to suspect it, and no reason to make inquiry as to any act or deed done by said administrator that was not in accordance with law and fair dealing; L. A. Smith being an uncle of the plaintiff, in whom he had implicit faith and confidence, and who occupied a relation of trust and confidence towards the plaintiff, as well as that of a trustee because of his office as administrator; and plaintiff did not discover the fraud that had been perpetrated upon him until during the month of May, 1923, in a casual conversation with the ordinary, when plaintiff was informed by the ordinary that L. A. Smith had long since obtained his discharge as administrator; after which information plaintiff made investigation and ascertained the truth to be as the ordinary had stated. He prays, that the order of the ordinary granting the discharge of

the administrator be set aside because of the fraudulent statement made in the application for discharge, as alleged; that L. A. Smith be restored to all of his obligations as administrator, and that said administrator be required, by the judgment of the court, to pay over to plaintiff his said share in the estate; and for an accounting.

To this petition the defendants demurred upon the grounds: that the plaintiff has been guilty of laches; that the petition shows on its face that it is barred by the statute of limitations; that the application for discharge was regularly made in accordance with the law, and the discharge was granted on November 4, 1918; that no good reason appears why the plaintiff could not have become familiar with the proceedings in the court of ordinary in Tattnall County with respect to said estate; that no reason appears why he did not investigate the condition of said estate; that it affirmatively appears in the petition that as soon as he made inquiry of the ordinary he was made familiar with the proceedings in said estate; and that the petition fails to show any fraud or concealment to have been practiced by the administrator in his administration of said estate and in obtaining his discharge. The court overruled the demurrer, and to this judgment the defendants excepted.

*Robert L. Colding,* for plaintiffs in error. *A. S. Way,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court erred in overruling the demurrer based upon the ground of laches and negligence upon the part of the plaintiff in discovering the fraud which he alleges as an excuse for his failure to bring the suit to set aside the judgment of the ordinary, discharging the administrator, within the statutory period. Section 4358 of the Civil Code, relating to motions to set aside judgments and decrees and the time within which such motions must be made, provides: "All proceedings of every kind in any court of this State, to set aside judgments or decrees of the courts, must be made within three years from the rendering of said judgments or decrees." The judgment discharging the administrator was rendered by a court of competent and general jurisdiction, and no sufficient excuse is alleged in this petition for the failure of the petitioner to move in this matter within the time fixed by the statute. Conceding that the statute was tolled by the period of time during which the plaintiff was serving in the army

and in France and in this country, nevertheless more than three years elapsed after the plaintiff's discharge from the army and his return to Georgia before he took any steps to have the judgment set aside, which he now claims was obtained by the fraudulent representations of his uncle, the administrator. The statute contained in section 4380 of the Civil Code declares: "If the defendant, or those under whom he claims, has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." It will be observed, in reading this statute, that the fraud which excuses the plaintiff from moving within the time fixed by the statute is fraud "by which the plaintiff has been debarred or deterred from his action." And we are of the opinion that no act of fraud on the part of the plaintiff's uncle, the administrator named as a defendant, is alleged, tending to show that the plaintiff was debarred or deterred from his action. The slightest diligence upon the part of the plaintiff would have discovered what he now charges to have been fraud and fraudulent representations. In the petition it is not shown that the plaintiff was ignorant of the fact that he was entitled to a distributive share of the estate of William Smith, his grandfather, that it was a large estate, and that he was entitled to a one sixth interest in it. Nor is it alleged that plaintiff was ignorant of the fact that in November, 1917, the defendant, L. A. Smith, had been appointed administrator of the estate of plaintiff's grandfather; and that on the 4th day of November, 1918, an order was granted discharging the administrator. The application for a discharge showed that the administrator claimed that after paying the debts of the estate he had turned over the residue to the heirs at law, one of whom was this plaintiff. Plaintiff was discharged. from the army about the first of May, 1919, and within two or three days returned to his home. The suit was not filed until April, 1924, nearly five years after the plaintiff returned to his home from the army. A most superficial examination of the records of the court of ordinary, a mere glance at the returns, would have shown that the administrator had made the statement that he had paid over to the heirs their distributive shares of the estate, and this plaintiff would have known that as to him that statement was false.

The relation between an administrator and the distributees is to a certain extent a relation of confidence and trust. *Collier* v. *Collier,* 137 *Ga.* 658 (74 S. E. 275, Ann. Cas. 1913A, 1110). The relation between a nephew and uncle may be confidential, and may under certain circumstances excuse delay upon the part of the nephew in bringing his action against the uncle within the period prescribed by law. *Delkin* v. *McDuffie,* 134 *Ga.* 517 (68 S. E. 93). But unless the plaintiff has been lulled into a 'false sense of security by some act or statement made by an administrator, though the plaintiff and the administrator bore the relationship of nephew and uncle, the nephew, who claimed the uncle obtained his discharge as administrator by fraud, would not be excused from showing that something had been done by the uncle to lull him into a false sense of security or to cause him to fail to exercise the least diligence to ascertain the state of the account between himself and his uncle. In the case of *Kirkley* v. *Sharp,* 98 *Ga.* 484 (25 S. E. 562), it was said: "As a general rule, section 2931 of the Code, which provides that if the defendant 'has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud,' does not apply unless the plaintiff has exercised at least ordinary diligence to discover the fraud; but failure to employ the necessary means to discover such fraud may be excused, when the plaintiff has been lulled into a sense of security by reason of a relation of trust and confidence between himself and the defendant, rendering it the duty of the latter to disclose the truth, and when it also appears that because of this confidence the plaintiff was actually deterred from sooner discovering the fraud, or even suspecting that any fraud had been perpetrated upon him." But in this case no sufficient fact is alleged to show that because of the confidence of the plaintiff in the defendant administrator he was actually deterred from sooner discovering the fraud alleged in his petition. He does allege that the defendant, the administrator, resided in the City of Savannah, while petitioner's home was in Tattnall County, and that petitioner had but infrequent opportunities of seeing the defendant and making inquiries relative to the condition of the estate of which his uncle had been appointed administrator; that upon one occasion when petitioner saw his uncle he spoke to him, and the

defendant promised that he would go to the home of petitioner before he returned to Savannah, but failed to keep this promise. The plaintiff charges that the defendant, in failing to keep his promise, and by his returning home without seeing petitioner, evaded petitioner and avoided an opportunity of petitioner's speaking to him relative to the condition of the estate, for the purpose of concealing from petitioner his acts and doings relative thereto. And it is also charged in the petition that the administrator continuously concealed from the petitioner the condition of the estate and the fact that he had been discharged as administrator. We do not think these allegations show that petitioner could not readily, and by the exercise of the slightest diligence, have ascertained the falsity of the statements in the administrator's application for a discharge, at least so far as related to his part in the estate. And having failed to exercise any diligence whatever, and not having been lulled into a false sense of security by any act or statement of the administrator, he is not entitled, after the lapse of nearly five years from the date of his return to the State of Georgia, to have this judgment set aside and the accounts reopened. *Judgment reversed. All the Justices concur, except*

RUSSELL, C. J., dissenting. I think the judgment of the judge of the superior court in this case should be affirmed. It is my opinion that the demurrer to plaintiff's petition was properly overruled. The petition sets forth enough, if the proof supports the allegations, to show the existence of a fraud perpetrated upon a nephew by an uncle under circumstances most aggravated and unjustifiable. It must be remembered that "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Civil Code (1910), § 4626. But it is said by the majority of the court that since the petitioner has not moved within three years to set aside the judgment of the court of ordinary, the facts alleged show such laches as that equity will not intervene to redress the wrong he alleges. The soldier in France, whose mind properly should have been absorbed in patriotic endeavor to save his country in a time of war, and whose life was being hourly staked in the cause of his country, had no time to consider mere paltry dollars and to preserve his earthly estate. Therefore, in my opinion, the doctrine of

laches has no application, when unnumbered fiendish implements
of destruction were belching forth fire, gas, and lead, so as to
envelop such a one in indescribable horrors and overwhelm him
in mind and body in a carnage of blood, cries, and death. The
uncle of the plaintiff was appointed administrator, and speedily
wound up the estate before the plaintiff was even permitted to re-
turn to his native land. The statement of facts shows that the
plaintiff, in the early fall of 1917, was transported to France, and
was not discharged from the army until about May 1, 1919. He
was at the front when his father's brother applied for and ob-
tained letters of administration, and was still there when the es-
tate was wound up. He was 3000 miles away. Theoretically he
may have known of the appointment and the discharge of the ad-
ministrator and have had a right to object to the proceedings
(though it is not necessary for me to concede this) ; but in the
very nature of the case, and as a matter of fact, the petitioner,
who alleges that the administrator absorbed into himself the entire
patrimony of his nephew, had no power whatever to be heard.
In that view of the case, I can not concur in the opinion that, as
matter of law, the plaintiff was bound to proceed within three
years to have the judgment of the court of ordinary set aside.
Certainly if he wished to proceed in the court of ordinary he
would be barred; but under the circumstances I do not think it
can be held, as a matter of law, under the peculiar relationship
existing between the administrator and the plaintiff, and all the
circumstances of the case, that a jury might not be authorized
to find that the delay was excusable and did not constitute such
laches as would debar petitioner from equitable relief. What cir-
cumstances may, in a particular case, constitute laches may be
varied altogether in another case by even one slight additional cir-
cumstance. It should only be in a strong case that a court should
undertake to say as a matter of law that any given state of facts,
which is based upon the theory that it was the legal duty of a
plaintiff to have proceeded sooner, measures up to the standard.
That the court has the right, when any other reasonable con-
clusion can be reached than that a party has been guilty of laches,
to so declare as a matter of law, can not be questioned; and hold-
ings as to laches and rulings upon the subject have been variant
and variable. In my view this case is one where the court should

not have applied the utmost strictness to declare a case of laches. Under the peculiar wrong disclosed, the rule should have been applied with all liberality, and a jury should have been left to say, under proper instructions, whether the facts alleged in the petition were such as to require the conclusion that the plaintiff should have proceeded sooner.