## TOMLIN *v.* WRIGHT *et al.*

ATKINSON, J. 1. Where an intestate died holding possession of land under a bond for title, and the administrator under an appropriate order of the court of ordinary regularly exposed to sale the intestate's equity in the land, and the property was bid off by a third person to whom a deed was made, and on the same day a deed was executed by such third person back to the administrator in his individual capacity, and during the same year the administrator made a final return to the ordinary, in which was included as an item against himself the amount for which the property was sold, and where the guardians of the minor children of the intestate, who were his only heirs at law, appeared in the court of ordinary and contested the administrator's return, and upon an appeal to the superior court they obtained a judgment against the administrator for a larger amount than as reported in his return, which judgment included the proceeds of the sale of the equitable interest in the land, and where the amount of such judgment was duly paid by the administrator to the guardians of the several minors, and the judgment was never reversed or set aside, the judgment so rendered must be held to be conclusive upon the minors, there being nothing to show collusion between the administrator and the guardians. *Byrom* v. *Varner,* 136 *Ga.* 780 (72 S. E. 596), and cit.; *Barclay* v. *Kimsey,* 72 *Ga.* 725 (2b); *Wilkinson* v. *Tuggle,* 61 *Ga.* 381.

2. The final judgment rendered and paid, as described in the preceding note, will estop the children after their attainment of majority from repudiating the administrator's sale and seeking a cancellation of the administrator's deed to the purchaser and the deed from the purchaser back to himself, on the ground that the transaction was a fraudulent purchase by the administrator at his own sale.

3. Where an administrator has purchased an equity in the manner as described in the first division and thereafter from his individual funds he pays the obligor the balance of the purchase-price of the land and receives a deed in his own name from the vendor, and the administrator's sale is never repudiated, but is ratified by the guardians of the minors by contesting for the proceeds from the administrator's sale and obtaining a judgment therefor and accepting the fruits of the

judgment, the wards of such guardians can not, after attainment of majority, have a decree in equity against the administrator for title to interests in the land.

4. Applying the foregoing principles to the pleadings and uncontradicted evidence, a verdict was demanded in favor of the administrator, and the court erred in refusing to grant a new trial.

5. It is unnecessary to rule on other assignments of error relating to admissibility of evidence and the charge of the court.

*Judgment reversed. All the Justices concur.*

No. 4309. FEBRUARY 20, 1925.

Complaint for land. Before Judge Roop. Heard superior court. February 28, 1924.

When the case was before the Supreme Court on a former occasion there was an affirmance of the judgment of the trial court granting the defendant a second new trial, the first new trial having been granted by another judge who presided at the first trial. *Wright* v. *Tomlin,* 151 *Ga.* 154 (106 S. E. 88). The facts of the case are sufficiently stated in the former decision by this court.

*J. R. Terrell, F. S. Loftin, D. B. Whitaker,* and *A. H. Freeman,* for plaintiff in error.

*S. Holderness, Willis Smith,* and *Smith & Millican,* contra.