## 20883. YOUNG *v.* WESTERN & ATLANTIC RAILROAD.

BELL, J. 1. A plaintiff may dismiss his suit and recommence it on the payment of costs, and he may renew the action without payment of the costs provided he will make and file with the new petition an affidavit stating that he "is advised and believes that he has good cause for recommencing his suit, and that owing to his poverty he is unable to pay the costs that have accrued in said case." Civil Code (1910), §§ 5625, 5626.

2. But where the recommencement of the action is intended to be made in forma pauperis, it is necessary that the affidavit should include a statement that the plaintiff "is advised and believes that he has good cause for recommencing his suit;" and where it appears from the petition in the renewed action that the costs in the former suit were not paid, and the affidavit annexed to the petition states only that the plaintiff because of his poverty is unable to pay such costs, the petition is subject to dismissal as for abatement, where it is duly attacked by demurrer upon this ground. *Sorrells v. Southern States Portland Cement Co.,* 26 *Ga. App.* 273 (105 S. E. 709).

3. While the rule as to payment of costs, or as to the making of an affidavit in lieu thereof, does not apply unless the renewed action is substantially identical with the prior one, still a suit in the name of a minor by next friend is substantially a suit by the minor; and if the minor on arriving at majority dismisses the suit, an action subsequently brought by him in his own right is as to the party plaintiff substantially identical with the former suit; and where it is brought against the same defendant and upon the same cause of action, the suits will be treated as identical within the meaning of the rule stated. *Doody Co. v. Jeffcoat,* 127 *Ga.* 301 (56 S. E. 421) ; *Walden v. Walden,* 128 *Ga.* 126 (7, 8), 132 (57 S. E. 323) ; *Lasseter v. Simpson,* 78 *Ga.* 61 (3 S. E. 243) ; *Phillips v. Taber,* 83 *Ga.* 565 (7) (10 S. E. 270) ; *Vale Royal Mfg. Co. v. Bradley,* 8 *Ga. App.* 483 (70 S. E. 36).

4. In a suit by a minor through another as next friend the primary responsibility for the costs is fixed upon the next friend, and not the minor (*Nance v. Stockburger,* 112 *Ga.* 90, 37 S. E. 125, 81 Am. St. R. 22; *Thompson v. Rabun,* 131 *Ga.* 713, 63 S. E. 215; *Platt v. Southern Photo Material Co.,* 4 *Ga. App.* 159, 60 S. E. 1068) ; but if the minor after

becoming of age elects to proceed with the cause, or in other manner to deal with it as his own, this will amount to a ratification and render him liable for the costs in the same manner and to the same extent as if the suit had been originally commenced by an adult. *Levy* v. *McPhail*, 33 *Ga. App.* 784 (127 S. E. 793); Civil Code (1910), § 5524; 31 C. J. 1156, 1157, 1179.

5. The "withdrawal" of a suit is an exercise of control over it and adopts it as the plaintiff's action; and where a suit was brought by one who at the time was an adult, and contained an allegation that a suit had previously been filed by her through another as next friend against the same defendant for the same cause of action, but that the former suit "was withdrawn by plaintiff" after she arrived at her majority, and "this action is recommenced within six months from said date [of withdrawal], and petitioner hereto attaches her affidavit of her inability to pay the costs in such former action," the plaintiff will be held to have ratified and adopted the prior suit by exercising a control over it and by claiming a benefit from it, and the renewed action is subject to abatement for the failure to pay the accrued costs or to make a proper affidavit in lieu thereof, as fully as if the original suit had been instituted by the plaintiff as a person sui juris.

6. It appearing from the petition and the exhibits that the plaintiff had in fact become liable for the costs of the former suit, but that the same had not been paid, and that the affidavit made in lieu thereof failed to state that the plaintiff was advised and believed that she had good cause for recommencing the suit, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 20, 1931.

*M. B. Eubanks, Porter & Mebane,* for plaintiff.
*Walton Whitwell, Mitchell & Mitchell,* for defendant.