ATLANTA SAVINGS BANK, trustee, *el al. v.* KURFEES *et al.*

BECK, Presiding Justice. A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. Code of 1910, § 4336 (Code of 1933, § 110-501); *Watkins* v. *Lawton,* 69 *Ga.* 671; *Byrom* v. *Varner,* 136 *Ga.* 780 (72 S. E. 596); *Tomlin* v. *Wright,* 159 *Ga.* 811 (126 S. E. 793).

(*a*) The question whether the title of the purchaser at receiver's sale was superior to the lien of the junior common-law judgment was made an issue by the pleadings, namely the petition of the receiver and the respective answers thereto made by the trustee named in the senior deed of trust for the benefit of the secured creditor and the answer of the holder of the junior common-law judgment. On this issue the judgment of the trial court was adverse to the holder of the common-law judgment. On writ of error this judgment was reversed by the Supreme Court, and the judgment of the Supreme Court was duly made the judgment of the trial court. This was conclusive of the question and binding as res judicata in the subsequent suit by the trustee in the senior security deed and the holder of the notes secured by such deeds, against the holder of the common-law judgment, seeking to enjoin sale of the property under the common-law judgment.

(*b*) No ruling as to the merits of the case, aside from the matter of res judicata, is required.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disquali-fied.*

No. 10464. OCTOBER 1, 1935.

*Spalding, MacDougald & Sibley* and *Colquitt, Parker, Troutman & Arkwright,* for plaintiffs.

*Grant & Long, Watkins, Grant & Watkins, George P. Whitman,* and *T. J. Long,* for defendants.