## BRINSFIELD *v.* ROBBINS *et al.*

No. 11315. OCTOBER 17, 1936.

*Hugh McMillan, W. R. Ellis,* and *Jones, Fuller & Clapp,* for plaintiff.

*J. K. Jordan, Sidney Smith, James N. Frazer,* and *Little, Powell, Reid & Goldstein,* for defendants.

BELL, Justice. The court did not err in sustaining the demurrer and dismissing the petition. Regardless of other questions, the plaintiff can not recover unless she can obtain a cancellation of the decree of retraxit as entered in the superior court on July 28, 1930. Code, §§ 3-507, 3-508. If the allegations do not show that she is entitled to this relief, it is quite unnecessary to inquire whether in the absence of such decree the petition states a sufficient cause for cancellation of the settlement receipt and the alleged retraxit as signed by the plaintiff, or of the judgment of the court of ordinary purporting to discharge the guardian. All of the facts stated in the petition, however, should be considered in determining whether the judgment of the superior court may be set aside as prayed. We can not agree that this latter judgment is void and may thus be ignored, in adjudicating the rights of the plaintiff. Compare *Snelling* v. *American Freehold Mortgage Co.,* 107 *Ga.* 852 (33 S. E. 634, 73 Am. St. R. 160); *Buchan* v. *Williamson,* 131 *Ga.* 501 (3) (62 S. E. 815). While the petition alleged that the former suit in the superior court was brought by the plaintiff's husband as next friend, without her knowledge or consent and without her authority, the plaintiff thereafter purported to deal with the action as though she had arrived at her majority and were capable of controlling it. While it is true that the paper signed by her, and made a part of the record, recited that the suit had been filed without authority, it also contained a direction for the entry of a retraxit, which direction amounted on its face to an adoption of the suit for that purpose, as distinguished from a

repudiation for all purposes. A suit commenced and prosecuted by an infant alone is not void; and under the facts in this case the judgment was apparently valid, and must be so treated until it is set aside in a direct proceeding, attacking it as voidable on sufficient grounds. Certainly the judgment was not binding if obtained by fraud or if the plaintiff was a minor and unrepresented; but the point is that it was only voidable, and is conclusive until set aside in a proper and timely proceeding. In *Lowe* v. *Equitable Mortgage Co.,* 102 *Ga.* 103 (29 S. E. 148), it was held that minors were so far concluded by a judgment regular on its face, and rendered by a court of competent jurisdiction in an action brought in their name by a next friend, that they could not collaterally attack its validity when produced in evidence against them in an entirely distinct proceeding. See further, in this connection, Code, § 3-115; *Bartlett* v. *Batts,* 14 *Ga.* 539; *Ross* v. *Southwestern Railroad Co.,* 53 *Ga.* 514; *Evans* v. *Collier,* 79 *Ga.* 319 (2) (4 S. E. 266); *McMillan* v. *Hunnicutt,* 109 *Ga.* 699 (35 S. E. 102); *Ross* v. *Battle,* 113 *Ga.* 742 (39 S. E. 287); *Walden* v. *Walden,* 128 *Ga.* 126 (7, 8) (57 S. E. 323); *Byrom* v. *Varner,* 136 *Ga.* 780 (72 S. E. 596); *Taliaferro* v. *Calhoun,* 137 *Ga.* 417 (73 S. E. 675); *Mann* v. *Showalter,* 145 *Ga.* 268 (88 S. E. 968); *Burkhalter* v. *Virginia-Carolina Chemical Co.,* 42 *Ga. App.* 312 (2) (156 S. E. 272); *Young* v. *Western & Atlantic Railroad,* 43 *Ga. App.* 257 (5) (158 S. E. 464).

"All proceedings of every kind in any court of this State, to set aside judgments or decrees of the courts, shall be made within three years from the rendering of said judgments or decrees." Code, § 3-702. While the judgment here under attack was rendered at a time when the plaintiff was a minor, and the petition alleged that it was obtained by fraud, these facts without more do not authorize its cancellation after a lapse of three years from the date of the judgment and from the plaintiff's arrival at her majority. In the instant case the plaintiff must not only show an actual liability together with the voidability of the judgment if attacked within such period, but must further allege sufficient cause for avoiding the statute which limits the right to set aside a judgment to a period of three years. "If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of

limitation shall run only from the time of the discovery of the fraud." Code, § 3-807. The fraud which will remove the bar of the statute must be moral fraud, and also there must be reasonable diligence on the part of the plaintiff to discover the fraud. *Crawford* v. *Crawford*, 134 *Ga.* 114 (3) (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932); *Morris* v. *Johnstone*, 172 *Ga.* 598 (5) (158 S. E. 308). Mere ignorance of fraud which by the use of ordinary diligence might have been discovered in due time will not suspend the statute. *Frost* v. *Arnaud*, 144 *Ga.* 26 (2) (85 S. E. 1028). The rule as to diligence may be relaxed, "when the plaintiff has been lulled into a sense of security by reason of a relation of trust and confidence between himself and the defendant, rendering it the duty of the latter to disclose the truth, and when it also appears that because of this confidence the plaintiff was actually deterred from sooner discovering the fraud, or even suspecting that any fraud had been perpetrated upon him." *Kirkley* v. *Sharp*, 98 *Ga.* 484 (25 S. E. 562). "Where persons sustain toward another a relation of trust and confidence, their silence when they ought to speak, or their failure to disclose what they ought to disclose, is as much a fraud in law as an actual affirmative representation. Mere silence on their part as to a cause, the facts giving rise to which it is their duty to disclose, amounts to a fraudulent concealment. *American National Bank* v. *Fidelity Co.*, 131 *Ga.* 854, 859 (63 S. E. 622, 21 L. R. A. (N. S.) 962). Concealment per se amounts to actual fraud when from any reason one party has a right to expect full communication of the facts from another. This is a well-settled principle recognized both by the civil and the moral law. *Poullain* v. *Poullain*, 76 *Ga.* 420, 447. The concealment of a right by one whose duty it is to disclose it prevents the running of the statute of limitations in favor of the party in default. It is a legal fraud. *Hoyle* v. *Jones*, 35 *Ga.* 40 (2), 44 (89 Am. D. 273)." *Morris* v. *Johnstone*, supra; *Jordan* v. *Harber*, 172 *Ga.* 139 (157 S. E. 652).

These principles as to confidential relations and fraudulent concealment are all invoked by the plaintiff in this case; but the allegations contained in her petition do not present sufficient facts to justify their application. The transactions between the plaintiff and her guardian which she now seeks to bring in question all occurred at a time when the plaintiff was more than twenty years

of age, and the decree of retraxit was entered within less than sixty days before she had reached the age of twenty-one years. This decree followed the terms of a paper which she had signed only a few weeks before, and it is not alleged she did not read this instrument or that she was unaware that this judgment was entered. She does allege she did not understand the meaning and purport of the instrument, and that it was represented to her as being a mere direction for dismissal. Despite the many allegations of fraud and misrepresentations and of some trouble and nervousness on the part of the plaintiff, there is nothing to show that she was not a person of average intelligence and did not have the memory and discretion common to persons of her age. A person of normal mental faculties can not, after arrival at majority, obliterate all transactions incident to a former guardianship, and disregard all impressions received therefrom, merely because they relate to events which occurred during minority. For a period of more than three years after the decree of retraxit and after the plaintiff had arrived at the age of twenty-one years, she necessarily knew that her guardian had invested her estate in a corporation in which he was interested; that her husband as next friend had sought his removal, together with an accounting; that the guardian had soon afterwards represented that the corporation was in failing circumstances, and had induced her to accept a bill of sale to automobiles and notes in settlement of his liability; that he had induced her to sign a receipt purporting to show a final settlement; that in so doing he had persuaded her to state a falsehood in regard to her age; and, finally, that he had sought and obtained her consent to what she thought was a mere dismissal of a suit later brought in her behalf in the superior court, in which direction at his instance she repeated the false statement in regard to her age.

It does not appear that the guardian ever concealed any fact concerning the value of her estate or as to the disposition which he had made of it. While there is some innuendo to the effect that the plaintiff did not know that she could hold the surety liable, there is nothing to show that she was not fully aware of the fact that the guardian had given bond as required by law, with the defendant company as surety. Under a proper construction of the petition, the plaintiff knew that in the proceeding filed by her husband as next friend, in the court of ordinary, he was represented

by attorneys who were then and at all times later accessible to her, and she must also have known that the former action in the superior court was based upon the very transactions which she now asserts as basis of liability. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867). In all of these circumstances, surely the plaintiff can not justly claim that she was lulled into a sense of security by reason of any relation of trust and confidence between her and her former guardian; but the conduct of the guardian, of which the plaintiff as a conscious and intelligent human being had knowledge, was sufficient as a matter of law to put her upon inquiry and require action after the attainment of her majority. From that date forward she was capable of exercising the diligence of an adult, that is ordinary diligence; and in view of all the facts known to her, the exercise of such diligence would have led easily and promptly to the discoveries upon which she now seeks to avoid the statute of limitations. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." Code, § 37-116. See also *Marler* v. *Simmons,* 81 *Ga.* 611 (8 S. E. 190) ; *Bennett* v. *Bird,* 139 *Ga.* 25 (76 S. E. 568) ; *Massachusetts Bonding &c. Co.* v. *Smith,* 159 *Ga.* 798 (126 S. E. 840) ; *Kytle* v. *Kytle,* 180 *Ga.* 833 (2) (181 S. E. 81). The decree of retraxit having been rendered more than three years before the present suit was filed and more than three years after the plaintiff attained her majority, and the petition having alleged no facts to relieve the plaintiff of the bar on the ground that she was deterred from her action, the court could not do otherwise than sustain the demurrer and dismiss the suit.

The present case differs on its facts from the following among other cases cited for the plaintiff. *Short* v. *Mathis,* 107 *Ga.* 807 (33 S. E. 694) ; *Griffin* v. *Collins,* 122 *Ga.* 102 (49 S. E. 827) ; *Little* v. *West,* 145 *Ga.* 563 (89 S. E. 682) ; *Jordan* v. *Harber,* supra; *Morris* v. *Johnstone,* supra. In some or all of these cases there was actual concealment of the condition of the estate, and nothing to put the beneficiary on inquiry or to disturb the sense of security arising from the relation of trust and confidence.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*