36796. CARSON, by Next Friend *v.* AUTOMOBILE FINANCING, INC.

QUILLIAN, J. 1. Code § 6-1702 provides that the appellant may, in lieu of paying the costs, file with the clerk of this court an affidavit that on account of his poverty he is unable to pay them. The only affidavit made in the present case reads: "Personally appeared before me the undersigned, Lorenzo Carson b/n/f Clara Strickland, plaintiff in error in the bill of exceptions filed in the above stated case, and on oath says that he is, because of his poverty, unable to pay the costs in said case. Lorenzo Carson b/n/f Clara Strickland. Subscribed and sworn to before me, this 28 day of May 1957. Mrs. Jennie Blau, notary public, Ga. State at large." This court is without jurisdiction to review a case when the costs are not paid and no affidavit meeting the requirements of Code § 6-1702 is filed by the plaintiff in error.

2. An affidavit cannot be made by proxy. The purported affidavit filed in the instant case appears to have been made for the infant by his next friend, and is not in legal contemplation an affidavit at all. *Shecut* v. *Trubee,* 99 *Ga.* 637 (26 S. E. 60); *Craig* v. *Taylor,* 35 *Ga. App.* 375 (133 S. E.

278); *Selma, Rome & Dalton R. Co.* v. *Tyson,* 48 *Ga.* 351 (2) ; *Elder* v. *Whitehead,* 25 *Ga.* 262.

3. Where a suit is instituted on behalf of an infant by next friend, the next friend is primarily liable for the costs (*Thompson* v. *Rabun,* 131 *Ga.* 713, 63 S. E. 215; *Nance* v. *Stockburger,* 112 *Ga.* 90, 37 S. E. 125, 81 Am. St. R. 22; *Young* v. *Western & Atlantic R.,* 43 *Ga. App.* 257, 158 S. E. 464); hence the affidavit prescribed by Code § 6-1702 must assert the inability of the next friend to pay the costs. *Powell* v. *Fidelity & Deposit Co.* of Maryland, 48 *Ga. App.* 529, 531 (8) (173 S. E. 196). The paper quoted in the preceding headnote does not allege that the next friend was unable by reason of her poverty to pay the costs. The rule is otherwise where the suit is maintained by the minor after he reaches majority. *Young* v. *Western & Atlantic R.,* supra. The infant here is not yet of age so the rule rather than the exception is applicable.

*Writ of error dismissed. Felton, C. J., and Nichols, J. concur.*

DECIDED SEPTEMBER 12, 1957.

*Saul Blau,* for plaintiff in error.

*Tindall & Tindall, Joseph D. Tindall, Jr.,* contra.

